Kitchens v. The State of Georgia

---

GREEN KITCHENS, plaintiff in error, v. THE STATE OF GEOR-GIA, defendant in error.

(Atlanta, June Term, 1870.)

CHARGE OF COURT—SUPPORTED BY PROOF—NOT ER-ROR.*—A charge of a Judge in a criminal case, that if certain facts are proven, the prisoner is guilty, is no error, if the charge is supported by the proof.

SAME—JURY JUDGES OF LAW AND FACT IN CRIMINAL CASES—MUST REGARD CHARGE AS LAW.†—While jurors are judges of the law and facts in criminal cases, they should receive the law from the Judge, and they do wrong if they do not regard his charge as the law.  (R.)

Criminal Law. Charge of Court. Jury. Before Judge Clark. Lee Superior Court.  September Term, 1869.

Kitchens was indicted for an assault, with intent to murder, upon Lewis Key. The evidence was this: About a mile from Clegg's mill, he was seen in the road with a gun, his hand bleeding. A woman was trying to persuade him to go home. He said he would shoot Lewis if his gun would fire, and went to the mill by a by-road. About three quarters of

---

*CHARGE OF COURT—ENUMERATION OF ACTS CONSTI-TUTING ESSENTIALS OF OFFENSE.—It is not error for the court to enumerate acts constituting the essentials of the offense and to instruct the jury that if they find these acts are established they would be authorized to find the defendant guilty. Thomas v. State, 90 Ga. 437, 16 S. E. Rep. 94, citing Kitchens v. State, 41 Ga. 217: Penna-man v. State, 58 Ga. 336; Hill v. State, 63 Ga. 578; Wilson v. State, 67 Ga. 660, 661; Kinnebrew v. State, 80 Ga. 236, 5 S. E. Rep. 56.  See also, the principal case, cited in Kinnebrew v. State, 80 Ga. 242, 5 S. E. Rep. 242.

†SAME—PROVINCE OF JURY.—In Habersham v. State, 56 Ga. 65, the court said: "The power of overruling the judge's charge, apparently conceded to the jury by this court in most of the cases (see

an hour after said threat, Lewis was coming up the hill with an empty wheelbarrow, with which he was hauling dirt, near the mill, and when he got within twenty steps of Kitchens, he fired upon him with a shot gun and hit him in the face *with the shot. At the time Lewis was doing nothing to Kitchens, and Kitchens was in the swamp upon his knees. When he fired he ran, and Lewis ran back after his rifle which was near by where he was getting dirt. They had had a previous difficulty, the circumstances of which are not disclosed. The shot were very small (number five,) and a witness said that Kitchen's gun was "a corn-stalk gun."

The Court read and explained the law of murder and manslaughter, as defined in the Code, to the jury and charged as follows: "There must be the same ingredients in assaults with intent to murder as in murder, except as to the killing. The circumstances must be of such a character as, if death had resulted, the crime would have been murder.

"In manslaughter there is no malice either expressed or implied, and no mixture of deliberation whatever, and, in voluntary manslaughter, the deed must be committed in the heat of passion. When there has been considerable provocation, or such provocation as would make the crime, if instantly committed, manslaughter, yet if there has been an interval between the provocation and the killing sufficient for the voice of reason and humanity to be heard, the crime would be murder. Was there any mixture of deliberation in the deed charged to have been committed? [Was there an interval sufficient between the provocation and the shooting for the voice of reason and humanity to be heard? If there was, and if defendant, under such circumstances, shot Lewis Key with a single-barreled shot gun, loaded with bird shot, at the distance of twenty steps, in the face and head, from a concealed or partially concealed position, he is guilty of an assault with intent to murder.]

"You can find him, under this indictment, guilty of assault, of assault and battery, or guilty generally, or not guilty, as you may determine."

Hopkins' Annotated Penal Laws, § 1602) prior to Brown's Case, reported in 40 Ga. 689, is, in the latter, denied; and, by several later adjudications, the doctrine of Brown's Case has become the established rule of decision: (Kitchens v. State,) 41 Ga. 217; (Smith v. State,) 49 Ga. 485; (Merritt v. State,) 52 Ga. 82; (McRae v. State,) 52 Ga. 290; (Hooper v. State,) 52 Ga. 607."

NEW TRIAL—CLEAR CASE—REFUSAL.—"In the case of Kitchens v. State, 41 Ga. 217, there was a motion for a new trial, and the court refused a rule nisi, and, as here, that ruling was assigned as error. This court held that the verdict was right, and that the rule nisi was properly refused, saying, 'that in so clear a case it is better, both for the state and the prisoner, that the contest be ended without delay.' On consideration, we find this case equally as clear as that, and it is our opinion that the judge below committed no error in refusing to grant a rule nisi on the motion presented." Graham v. State, 102 Ga. 655, 29 S. E. Rep. 582.

He was found guilty. His counsel moved for a rule nisi for a new trial, upon the grounds because the verdict was contrary to law and the evidence, and because so much of the charge as is in brackets was 'erroneous. The Court refused the rule nisi and that is assigned as error.

*F. H. West by W. A. Hawkins, for plaintiff in error. No appearance for the State.

By The Court—McCAY, J., delivering the opinion.

We see no error in the charge of the Court in this case. It is only put hypothetically to the jury, that if the prisoner did so and so, under such and such circumstances, then he is guilty. It is left entirely with the jury to find the facts and the Judge gives no opinion upon them. There is also abundance of proof to justify the charge. The only thing the Judge says positively is, that the law holds the prisoner guilty, if certain facts are proven. This it was as well the right as the duty of the Judge to say under the proof.

The Judge is the organ of the State, to inform the jury what is the law, and though the jury is the judge both of the law and the fact in a criminal case, it is nevertheless, its duty to look to the Court for instruction. It is equally the duty of the Judge to give that instruction. If the jury fails to heed the charge of the Judge, and find the prisoner guilty, the Court is authorized to grant a new trial. If the jury fail in favor of the prisoner and find him not guilty, although there is no remedy for the error, it is none the less a wrong.

When it is said that the jury is the judge of the fact and the law, it is not meant that the jury may make law any more than it may make fact. It is to look to the evidence for the one and to the organ of the law for the other.

Upon the other points made, there is no difficulty; the weight of evidence was against the prisoner and the verdict right. The rule nisi was properly refused. In so clear a case, it is better for both the State and the prisoner that the contest be ended without delay.

Judgment affirmed.