## GRAHAM *v.* THE STATE.

1. There was no error in refusing to grant a rule nisi upon an "extraordinary" motion for a new trial in a criminal case, based on alleged newly discovered evidence to the effect that the accused, at the time of filing the motion, "is of unsound mind and incapable of committing the crime with which he is charged."
2. Even if such motion had averred that the accused was of unsound mind at the time the alleged offense was committed, it could not be sustained by evidence merely showing that, in the opinion of a witness, the accused "is not of sound mind; that he is easily excited, and when suffering from excitement, [the witness] would not consider him responsible for his actions, the slightest occurrence out of the ordinary events of his daily life being sufficient to throw him in a state of violent mental excitement from which he would soon recover, but while laboring under it, [the witness] would not consider him responsible for his actions."

Submitted October 12, — Decided November 15, 1897.

Motion for new trial. Before Judge Falligant. Chatham superior court. July 21, 1897.

*W. E. Morrison,* for plaintiff in error.

*J. M. Terrell, attorney-general,* and *W. W. Osborne, solicitor-general,* contra.

LITTLE, J. The plaintiff in error was indicted for murder in Chatham superior court, and was tried and convicted. It appears that the verdict was rendered the 8th of January, 1897. On July 21, 1897, he filed and presented to the presiding judge for the Eastern circuit an extraordinary motion for a new trial. After consideration, the judge refused to grant a rule nisi on the motion. To this refusal the plaintiff in error excepted, and this exception is here for us to review. The motion for a new trial is in the following words: "State v. Brister Graham. Murder. And now comes the defendant in the above-stated case, and moves the court, through his attorney W. E. Morrison, for a new trial, on the extraordinary ground as follows, to wit: Because of newly discovered evidence as follows, that he is not of sound mind, and consequently incapable of committing the crime with which he is charged, or any other crime under the laws of the State of Georgia." Accompanying this motion was the affidavit of W. H. Cole, which is as follows: "Georgia, Chatham County. In person appears Wm. H. Cole, who being duly sworn deposes and says, that he has known Brister Graham for some time and has had him in his employ for a number of months, and that to the best of his knowledge and belief the said Brister Graham is not of sound mind; that he is easily excited, and when suffering from excitement, he would not consider him responsible for his actions, the slightest occurrence out of the ordinary events of his daily life being sufficient to throw him in a state of violent mental excitement from which he would soon recover, but while laboring under it, he, deponent, would not consider him responsible for his actions. Deponent does not claim to be an expert on insanity, but from his observation of said Graham he does not consider him of sound mind." This affidavit was dated 21st day of July, 1897, and was filed in office the same day. Attached to these papers was an affidavit of W. E. Morrison, counsel for Graham, to the effect that, at the time of the trial of Graham, he had no knowledge of the evidence, the subject of the motion, and that by the exercise of ordinary care and diligence he could not at that time have procured the testimony.

1. The question which we have to determine from this rec-

ord is, was there any error committed by the judge below in refusing to issue a rule nisi on the paper presented. It does not appear from the record what, if any, proceedings were had after the rendition of the verdict, and before July 21, 1897; nor is it material whether any proceedings were in fact had, except in so far as the lapse of time between the verdict and the motion may affect the ground on which the motion is based. It will be observed that the ground of the motion is: "Because of newly discovered evidence as follows, that he *is* not of sound mind, and consequently incapable of committing the crime with which he is charged, or any other crime under the laws of the State of Georgia." More than six months had elapsed after the trial and verdict until this motion was made. It is to be presumed that the language used was intended to express the meaning of the ground contained in the motion, and such language seems to fix the time at which the unsoundness of mind existed, at the date of its filing, to wit in July, 1897. This is the only proper construction which can be put on the language as it stands; and a conclusive reply to the motion is, that if the plaintiff in error *is* of unsound mind, our statutes afford a legal method of ascertaining that fact; and if found to be true, the law clothes the presiding judge of the court wherein he was convicted with ample power to postpone the execution of the sentence imposed, until his mind should be restored, which, taking the ground of the motion as true, is all he has a legal right to demand. The preservation of this right is not afforded by a motion for a new trial.

2. If, however, the language of the motion should be so construed as to fix the date of the unsoundness of mind at the time of the commission of the alleged offense, the question arises, is there any merit in this newly discovered evidence? The allegation is that he is not of sound mind, and consequently incapable of committing the crime charged. The only facts stated in the affidavit in relation to this newly discovered evidence are, that the plaintiff in error "is easily excited, and when suffering from excitement, [affiant] would not consider him responsible for his actions." Further, "the slightest occurrence out of the ordinary events of his daily life being suffi-

cient to throw him in a state of violent mental excitement from which he would soon recover, but while laboring under it, deponent would not consider him responsible for his actions." The affiant further states that he is not an expert on insanity, "but from his observation of said Graham he would not consider him of sound mind." Giving to this affidavit full effect, it can mean nothing more than that the witness testifies that the plaintiff in error is easily excited, that any occurrence out of the daily events of his life is sufficient to throw him in a state of violent mental excitement, that he would recover from this state soon, but that while in such state, it is the opinion of the witness that he is not responsible for his acts. Responsibility for criminal acts does not rest on matter of opinion, but is the conclusion of the law which follows certain proved facts. To hold that the affidavit places the movant in the position where the law would hold him not responsible for his acts, we would have to construe the words "mental excitement" as synonymous with insanity. But we are quite sure that when it is shown that one charged with crime is subject to periods of violent excitement, this would not have the effect of making him irresponsible for his criminal acts, even though one or more persons should believe that while in such a state he was not responsible for his acts. This affidavit, if otherwise full enough, is wanting in the essential particular that even at times the plaintiff in error was insane. It is true that the affiant says that, from his observation of the plaintiff in error, he does not consider him of sound mind. This testimony would not be admissible on the trial of the case; the affiant admits that he is not an expert on the subject of insanity; and before the opinion of the affiant would be admissible as evidence, the facts upon which such opinion is based must be given to the jury, inasmuch as non-experts can give no opinion as to mental capacity without stating the facts on which it is based. *Bowden* v. *Achor*, 95 *Ga.* 244. The jury is not bound to take the opinion even when the facts are given, but it is proper for the jury themselves to consider such facts to ascertain whether the conclusion of the witness is justified by such facts. In the case of *Choice* v. *State*, 31 *Ga.* 422, speaking of

opinions as to the fact of insanity, Judge Lumpkin says: "It has been the settled doctrine of this court from its organization, that the opinions of witnesses other than experts are admissible as to matters of opinion, especially as respects sanity or insanity, provided such opinions are accompanied by the facts upon which they are founded," referring to 6 *Ga.* 324; 14 *Ga.* 242; 20 *Ga.* 480. The affiant in his affidavit gives no reasons, at least no facts, which the jury could consider in ascertaining whether they would or would not agree with him on the question as to the soundness of mind of the plaintiff in error. If the case was being tried, his opinion therefore would not be admissible in evidence. The affiant says that from his *observation* he does not consider him of sound mind. This is insufficient. But assuming that the witness would be allowed, on a new trial, to testify to the facts set out in his affidavit, he would not disclose a state of facts sufficient to establish the want of responsibility on the ground of being of unsound mind. *Welch* v. *Stipe*, 95 *Ga.* 762. At best, the affidavit contains the single opinion from observation that the plaintiff in error is non compos mentis. The test of our law is quoted in the case of *Lloyd* v. *State*, 45 *Ga.* 69, in these words: "If a man has capacity and reason sufficient to enable him to distinguish between right and wrong as to the particular act in question, if he has knowledge and consciousness that the act he is doing is wrong, and would deserve punishment, he is of sound mind and memory, and subject to punishment." Again, in the case of *Roberts* v. *State*, 3 *Ga.* 310, the court through Judge Nisbet, in a carefully prepared opinion, announces the doctrine to be: "If a man has reason sufficient to distinguish between right and wrong, in relation to a particular act about to be committed, he is criminally responsible. An exception to this rule, however, is, where a man has reason sufficient to distinguish between right and wrong as to a particular act about to be committed, yet in consequence of some delusion the will is overmastered and there is no criminal intent; provided, that the act itself is connected with the peculiar delusion under which the prisoner is labouring." In the case of *Spann* v. *State*, 47 *Ga.* 553, where a motion for a new trial was based mainly on newly

discovered evidence of the defendant's insanity, and there were submitted with the motion affidavits of physicians who had examined the prisoner, and gave it as their opinion that he was afflicted with moral insanity, and the affidavits of other persons who had known the defendant, who stated that he was a dull, weak-minded man, and the motion was overruled by the court below, this court affirmed that judgment, and held that "the insanity which the law recognizes as an excuse for crime must be such as dethrones reason and incapacitates an individual from distinguishing between right and wrong"; and called attention to the fact, that notwithstanding the affidavits of the physicians were to the effect that the prisoner was afflicted with moral insanity, they did not go far enough, and that the want of such was a fatal defect of all the evidence contained in the report in support of the motion for a new trial. In the case of *Brinkley* v. *State*, 58 *Ga.* 296, this court also held that the court below correctly ruled in refusing to allow a witness to testify at the trial that the defendant was generally regarded as a man of unsound mind, basing its decision on the case of *Choice* v. *State*, supra.

Tested by these rules, it is apparent that the single affidavit which accompanies this motion for a new trial fails to show any reason why the defendant should not be held responsible for his criminal acts. Putting the statements in the affidavit in the strongest light possible, and admitting all the statements to be true, they would, in our judgment, interpose no defense on the ground of the insanity or want of sound mind in the defendant on a trial for murder. In the case of *Kitchens* v. *State*, 41 *Ga.* 217, there was a motion for a new trial, and the court refused a rule nisi, and, as here, that ruling was assigned as error. This court held that the verdict was right, and that the rule nisi was properly refused, saying, "that in so clear a case it is better, both for the State and the prisoner, that the contest be ended without delay." On consideration, we find this case equally as clear as that, and it is our opinion that the judge below committed no error in refusing to grant a rule nisi on the motion presented.

　　　*Judgment affirmed. All the Justices concurring.*