## LEWIS *v*. THE STATE.

"1. The evidence sustained the verdict of guilty.
.2. There was no error in overruling the motion for a new trial upon the ground of newly discovered evidence relating to the insanity of the accused, when the only testimony in support of such ground was the affidavits of witnesses that they had known the accused for a number of years, and had been for a long time, and are now, of the opinion that he has been, is now, and was at the time of the killing, of unsound mind; it not appearing that any of the affiants were experts on the subject testified about, and no facts being related by them upon which their opinions were based.

Argued January 16, — Decided January 31, 1899.

Indictment for murder. Before Judge Candler. Fulton :superior court. November 4, 1898.

*Arminius Wright*, for plaintiff in error.   *J. M. Terrell, attorney-general*, and *C. D. Hill, solicitor-general*, contra.

LEWIS, J.   Robert Lewis was tried in Fulton superior court, on an issue formed by a plea of not guilty to an indictment charging him with the murder of Charlie Haynes.   It appears that the accused was an employee engaged in work on a building in the city of Atlanta, under the immediate supervision of Charlie Haynes, another employee under the contractor having charge of the work.   Haynes made a complaint to the contractor that Lewis was not doing his work properly; whereupon Haynes was directed to pay him off and discharge him, which was done.   In a day or two afterwards the accused made his appearance upon the streets at or near the building, and as soon as Haynes came from the building, the accused shot him without notice or warning, the wound resulting in almost instant death.   The accused introduced no testimony, but made a statement to the effect that Haynes had no cause for discharging him; that he told Haynes at the time, he had a wife and two children, and they were dependent on him for support, and asked that he might continue his work.   Haynes replied in a boisterous manner, cursed him, and alluded to his wife as the "scarlet wife" the accused was keeping.   The accused protested against the language of Haynes, and stated that his wife was as innocent a woman as there was in the world; and Haynes replied that if he compared that "scarlet" with his wife he would kill him, and the accused went off and got prepared.   He went back to the building that evening to get some money with the view of returning to his home in the mountains, and met with Haynes, and not knowing but that Haynes was ready for him, he concluded it was the best time then for him to kill him.   The jury returned a verdict of guilty.   A motion for a new-trial was made upon the general grounds that the verdict was contrary to law and the evidence; and on the further ground of newly discovered evidence, as shown by the joint affidavit of several affiants, attached to and made a part of the motion.   The motion was overruled, and the accused excepted.

1. The testimony in this case not only authorized but abso-

lutely required a verdict of guilty. Even in the light of the statement made by the accused, the killing was a deliberate assassination with scarcely a mitigating circumstance attending the deed.

2. The main ground relied on by plaintiff in error is the one relating to the newly discovered evidence upon the subject of insanity. The joint affidavit in support of this ground, signed by seven witnesses, recites as follows: "That they [affiants] know and are well acquainted with Robert Lewis, defendant in the above-stated case, that they have known him for a number of years, and that they have been for a long time and are now of the opinion that the said Lewis has been and now is of unsound mind, and that he was of unsound mind at the time he killed foreman Haynes, of the Prudential building, for which killing he is now under sentence of death. Deponents further say that they have good and sufficient reason for their belief in the insanity of the said Lewis, they frequently having seen evidences of it in their associations with the said Lewis for a long time before and up to the time of the homicide." There also appears in the record an affidavit executed by counsel for the accused, to the effect that after his appointment by the court to defend the accused, the latter refused to talk about the case until a very short while before he was placed on trial, and that the attorney had no knowledge of or means of discovering the evidence shown to exist by the affidavit attached to the motion, and that affiant believes the newly discovered evidence shown to the court to be material, and that the verdict of the jury would have been different had it been submitted to them. The conclusive reply to this ground in the motion is, that, had the evidence as contained in the affidavit been offered, it would not have been admissible, for the reason that it does not appear the witnesses were experts, and they do not relate a single fact upon which their opinion of the insanity of the accused is based. Besides this, the affidavit does not indicate what opinion the witnesses had as to the extent of the unsoundness of mind with which they think the accused was afflicted; whether or not it was of such a nature as to render him irresponsible for the commission of a crime.

This case is controlled by the decisions of this court in *Graham* v. *State*, 102 *Ga.* 650, and *Battle* v. *State*, 105 *Ga.*

*Judgment affirmed. Little and Fish, JJ., concurring. The other three Justices absent.*