## 49884. GRIFFIN v. THE STATE.

DEEN, Presiding Judge.

1. The defendant appeals from his conviction for arson. The first enumerated error is the overruling of his motion to prohibit the state from calling any witnesses on the ground that in response to his Code Ann. § 27-1403 demand for a list of witnesses "on whose testimony the charge against him is founded" the state gave him a list of 98 witnesses. In answer to his protest, the state checked 36 names from this list as most likely to be used. The state actually called 16 witnesses and bench warrants were out for two other subpoenaed witnesses. It was held in *Bell v.*

*State,* 129 Ga. App. 783 (2) (201 SE2d 340), as to alleged error in the state calling fewer witnesses than those listed, there "is no requirement that the State call more witnesses than it needs to present its case." Nothing in the record suggests that the list was "padded" to make extra trouble for defendant's counsel; if such a situation did in fact appear the case would be entirely different. Nor was it error to use an unlisted employee of the Atlanta Gas Light Company instead of one listed where the only testimony involved company records and it made no difference which employee offered them.

2. Objections are urged to certain testimony by two of the state's witnesses. As to witness Wingo, after preliminary testimony, a hearsay objection and an offer to lay further foundation at a later stage of the trial, counsel for the defendant said, "At this point I want to move to strike that testimony," to which the court replied, "I'll reserve that," and instructed the witness to wait outside. As to witness Kabel, the testimony was offered by the state to prove motive, counsel stating he would connect this testimony with testimony of other acts by the defendant, and the court answered an objection on the ground of irrelevance by stating: "I'll allow it and overrule the objection for that purpose only unless you are not able to connect it up, but if you do not connect it up, I will exclude it." Neither objection was ever renewed by the defendant. Where the court rules provisionally, or subject to future evidence, or reserves a ruling until other evidence is in, the objection must be renewed. This not having been done, enumerations of error 2, 3 and 8 are without merit. *Smith v. State,* 116 Ga. App. 45 (3) (156 SE2d 380); *Connor v. Rainwater,* 200 Ga. 866 (2) (38 SE2d 805).

3. Enumerations 5 and 7 go to the sufficiency of the state's evidence, and 4 concerns a refusal to eliminate the remaining part of the testimony of the witness Cook and his wife after much of it had been stricken. It is noted that in his argument defense counsel specifically stated he was not requesting and did not want a mistrial, for which reason the possible prejudicial effect of eliminated testimony will not be considered. There remains the following: Griffin was introduced to a real estate agent in

the apartment of a Sidney Anderson, Mrs. Cook being present, and he agreed to purchase a house at 1280 Church Street, Decatur, for a price of $16,000. The sale was closed on August 6. He immediately took out an insurance binder in the amount of $30,000 plus insurance on personalty which binder was canceled on October 6, 1973. The DeKalb County Fire Department received an anonymous telephone call on September 14 concerning this property, as a result of which the house was placed under surveillance until approximately the same time the binder was canceled. The defendant then procured a binder in the same amount from another company. In the early morning of November 20 a blast, followed by fire, wracked and totally destroyed the house and contents. The blast was of incendiary origin, caused by plastic bottles of gasoline in proximity to a heated electric iron which set off the fire. Evidence strongly indicated that no one had occupied the house since its purchase by Griffin. Griffin was himself out of town with his family at the time of the blast. He had reservations at a Stone Mountain motel nearby for the night of November 20. He immediately made claim for maximum insurance coverage on dwelling and contents.

The remaining testimony of the Cooks which was not stricken is substantially that they had themselves owned a house and had conspired with the Sidney Anderson above mentioned to have it burned; that the house had in fact been burned and that they had collected insurance on it; that Mrs. Cook's refrigerator was thereafter removed from their home and "cleaned up" and delivered to Sidney Anderson who took it away from him, and that the burned refrigerator in the Griffin house was in fact her refrigerator which she had last seen in the possession of Sidney Anderson.

Was the testimony admissible, and did it, with the other evidence, warrant the defendant's conviction for arson on the theory that he and other persons had been parties to the crime? The facts stated, along with expert testimony that most of the personalty listed as lost in the fire had not in fact been in the burned house, as determined by sifting the ashes, sufficiently establishes a motive for the fire and is consistent with the defendant's

actions in the intervening time. The incendiary origin was established by strong and uncontradicted evidence. The defendant's alibi, however, apparently removed him from the vicinity as the person who brought in the gasoline and plugged in the iron; at least, the plugging in of the iron had to have been done shortly before the explosion. It has been held that the corpus delicti of the crime consists of the burning of the house, a cause due to a criminal agency, and the defendant's participation therein, which last may be established by circumstantial evidence. *Reese v. State,* 94 Ga. App. 387 (94 SE2d 741), and see on circumstantial evidence, *Smith v. State,* 85 Ga. App. 129 (68 SE2d 393); *Grimes v. State,* 79 Ga. App. 489 (54 SE2d 302); *Jenkins v. State,* 181 Ga. 610 (183 SE 567). Testimony that Anderson was involved in Griffin's meeting with the seller's agent, as a result of which Griffin purchased the house; that the Cooks had conspired with Anderson to burn their home; that Anderson had removed the refrigerator from that house and it was found, after the fire, in the defendant's house, and was included in the Griffin insurance claim constitutes in its totality admissible circumstantial evidence of the manner in which the defendant could have procured the house to be burned. It is accordingly relevant and admissible unless excludable for some other reason. It does not fall under the "other crimes" inhibition of *Bacon v. State,* 209 Ga. 261 (71 SE2d 615). We are cited to no cases which would suggest another reason for barring it. Being admitted, it sufficiently established circumstantially that this defendant and others were involved in a crime which, in the first instance at least, would inure only to the benefit of the defendant, thus authorizing a verdict of guilty against him as a party to the crime under Code Ann. § 26-802. These enumerations are without merit.

4. Error is enumerated in the court's arson charge of Code Ann. § 26-1401 in its entirety. Subdivision (a) refers to "any dwellinghouse of another." Subdivision (b) under which Count 2 of the indictment was drafted but later abandoned on the state's election to proceed under Count 1 includes any "structure designed for using as a dwelling, whether it is occupied, unoccupied, or vacant" and section

(c) refers to the substance of Count 1, damage by fire to a building under circumstances making it reasonably foreseeable that human life might be endangered. It should first be observed that the evidence supported Count 1 in that a neighboring dwelling was only 35 feet away and the explosion so violent that windows were knocked out, and that the Griffin house was totally destroyed by the intensity of the blaze.

While we agree with appellant that Code Ann. § 70-207 (a) does not apply to criminal cases since its amendment by Ga. L. 1968, p. 1072, a waiver may result where, as here, counsel directly stated to the court that he had no objections to the charge as given. See *Irvin v. Oliver,* 223 Ga. 193 (2) (154 SE2d 217). Further, the election of the state to proceed under Count 1 rather than Count 2 simply added an element to the state's proof, that is, that the fire might reasonably endanger human life, and the state did carry this burden. The jury could not reasonably have been confused by subdivision (a), the only difference here being that it refers to the house of another than the defendant, it being clear throughout that the house in question did in fact belong to the defendant. Subdivision (a) was therefore mere surplusage. Ordinarily, a charge in the language of the Code is not error. If error in this case, it was entirely harmless, as shown by the implicit approval of defendant's counsel.

*Judgment affirmed. Stolz and Marshall, JJ., concur.*

ARGUED NOVEMBER 7, 1974 — DECIDED NOVEMBER 21, 1974 — REHEARING DENIED DECEMBER 6, 1974 —

*Hendon, Egerton, Harrison & Glean, E. T. Hendon, Jr.,* for appellant.

*Richard Bell, District Attorney, George N. Guest, Assistant District Attorney,* for appellee.