## 29343. JACKSON v. THE STATE.

HILL, Justice.
Clarence Jackson appeals from his conviction of

murder and sentence of life imprisonment.

The evidence presented upon the trial established that on the evening of May 21, 1973, the appellant and the victim, Roy Hart, were involved in an argument on the street outside of Lucas' Bar and Lounge in Hahira, Georgia. An eyewitness testified that the appellant pulled a pistol, stuck it in Hart's face and said: "I will kill you, because you don't mean nothing to me." Hart left and reported the incident to the police. Several hours later he returned and was talking to a group of friends inside Lucas' Lounge when the appellant and his brother entered. Lucas asked the men to leave by separate doors. Hart and Mary Ann Butler, one of the friends to whom he was talking, began walking towards the front door. The appellant followed, confronted them and began firing his pistol, hitting Butler in the thigh and fatally wounding Hart. A pistol belonging to the victim containing four spent shells and one live shell was found on the floor next to his body.

1.   The evidence supported the verdict and judgment. The jury was instructed on murder, self-defense and voluntary manslaughter. Although it might have concluded otherwise, as argued by the appellant, it was amply authorized to find that he was guilty of murder.

2.   It was not error to allow a detective who sat with the prosecution to testify after the rule of sequestration had been invoked and another witness had testified. Permission had been sought and granted for this detective to assist in prosecuting the trial since he had been the chief investigating officer. His testimony, as well as that of the police officer preceding him, was preliminary evidence involving the scene of the crime, and was not crucial to the case. No objection was made to his testimony and no harm has been shown to have occurred from it to the appellant. Therefore, we find no abuse of discretion in allowing this witness to testify when he did.

3.   The appellant urges that it was error to allow a police officer to testify as to his conclusions in regard to the disturbance prior to the shooting without first laying

a proper foundation.

We do not agree. The transcript reveals that the objections by appellant's counsel to the testimony complained of were sustained and that the court allowed this witness to state only "What he found and what he observed." No request was made to instruct the jury to disregard the answers objected to, although the court charged the jury "not to consider any evidence which was not admitted by the court." Furthermore, this same testimony was given from personal knowledge and in more detail by another witness later during the trial.

4. There was no error in allowing the district attorney over objection, to ask Lucas: "Who was it, if anybody, who pulled a gun out there?" The witness responded, "Well, I wasn't out there at that time." Thus even assuming the question to be leading, since it was not answered it was certainly not harmful to the appellant.

We find no grounds for reversal in any of the errors enumerated.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 1, 1974 — DECIDED JANUARY 29, 1975.

*Bennett, Saliba & Wisenbaker, George M. Saliba,* for appellant.

*H. Lamar Cole, District Attorney, Arthur K. Bolton, Attorney General, John B. Ballard, Jr., Assistant Attorney General,* for appellee.