## 50631. ROSS v. THE STATE.

WEBB, Judge.
Jessie Ross was indicted and tried for murder,

carrying a concealed pistol, and carrying a pistol without a license. He was convicted of voluntary manslaughter and the pistol offenses, and he now appeals. *Held:*

1. (a) Defendant attacks the following portion of the charge to the jury: "Now, Members of the Jury, I charge you that if you find, from the evidence in this case, that the defendant husband shot and killed the deceased in order to prevent an act of debauchery upon the wife of the defendant, or to prevent future adulterous affairs, then such killing would be justifiable, and you should acquit the defendant. On the other hand, I charge you it would not be justifiable for the defendant to kill another person for a past or previous act of debauchery upon the defendant's wife. Also, it would not be justifiable for the defendant to kill another person simply because he had been told of improper or insulting advances made toward his wife. I charge you further, Members of the Jury, that under our law, the deliberate killing of another person not for the purpose of preventing an impending wrong about to be perpetrated upon one's wife, or to prevent future adulterous affairs, but solely for the purpose of avenging a past offense of debauching his wife, would be murder and not justifiable homicide. A person against whom, or against whose wife, an offense has already been committed, regardless of how serious, cannot be and is not justified in taking revenge into his own hands and in deliberately seeking out and following up the wrongdoer and killing him. On the other hand, if the killing was actually done by the defendant, under a violent and sudden impulse of passion engendered by the circumstances and not to prevent any adultery, then under our law such killing would constitute voluntary manslaughter."

It is contended that this charge expressed or intimated an opinion as to the guilt of the accused in violation of Code § 81-1104. "We see no error in the charge of the Court in this case. It is only put hypothetically to the jury, that if the prisoner did so and so, under such and such circumstances, then he is guilty. It is left entirely with the jury to find the facts and the judge gives no opinion upon them. There is also abundance of proof to justify the charge. The only thing the judge says positively is, that

the law holds the prisoner guilty, if certain facts are proven. This it was as well the right as the duty of the judge to say under the proof." *Kitchens v. State,* 41 Ga. 217, 219. The rulings made in *Vincent v. State,* 153 Ga. 278 (7) (112 SE 120) and *Whitley v. State,* 38 Ga. 50, 71 (4), relied upon by defendant, will not be extended further.

Enumeration of error 2 is without merit.

(b) At the beginning of trial, the district attorney requested that Captain Lane be allowed to remain in the courtroom at counsel table. Defendant objected, whereupon the court replied, "I believe it's discretionary with the court, and in the exercise of the court's discretion, the court will permit Captain Lane to remain at counsel table with the district attorney to assist in the prosecution." It appears that Captain Lane of the Thomasville city police department was the chief investigator, and no reversible error appears. *Fountain v. State,* 228 Ga. 306 (3) (185 SE2d 62); *McNeal v. State,* 228 Ga. 633 (187 SE2d 271); *Jackson v. State,* 233 Ga. 529 (2) (212 SE2d 366); *Prevatte v. State,* 233 Ga. 929 (214 SE2d 365); *Jarrell v. State,* 234 Ga. 410; *Durham v. State,* 129 Ga. App. 5 (2) (198 SE2d 387) and cits.; *Eady v. State,* 129 Ga. App. 656 (2) (200 SE2d 767).

(c) The facts here are unlike those in *Pickett v. State,* 123 Ga. App. 1 (1) (179 SE2d 303), and no reversible error appears in refusing to charge the law of emergency or urgent necessity for self-defense in connection with the offense of carrying a pistol without a license.

(d) Accordingly the judgment is affirmed in case no. 5458 and as to Count 2 in case no. 5474.

2. We agree with defendant that there was insufficient evidence to support his conviction of carrying a concealed weapon. Defendant kept his loaded pistol in his automobile and produced it just prior to the shooting. While there is evidence that defendant later took the gun to his parents' house, and the jury might have speculated that this was done in a concealed manner, the verdict of guilty may not rest upon mere speculation. Accordingly the judgment as to Count 1 in case no. 5474 is reversed.

*Judgments affirmed in part and reversed in part. Bell, C. J., and Marshall, J., concur.*

SUBMITTED MAY 6, 1975 — DECIDED MAY 23, 1975 —
REHEARING DENIED JUNE 18, 1975.

*Altman, Williamson & McGraw, Robert B. Williamson,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.