## 54096. POWELL v. THE STATE.

Submitted June 7, 1977 — Decided June 24, 1977.

*Short & Fowler, Larkin M. Fowler, Jr.,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.

DEEN, Presiding Judge.

1. Error is urged in the trial judge's decision to permit a GBI agent to remain in the courtroom after the rule of sequestration had been invoked and to allow the agent to then testify after, rather than before, other state witnesses. The agent was listed as a witness for the state and the appellant, acting pursuant to *Larkins v. State,* 230 Ga. 418 (1) (197 SE2d 367), objected at the outset to the presence of the agent. The district attorney informed the court of the agent's status as chief investigator of the crimes with which the appellant was charged and that his assistance would aid in a more orderly presentation of the facts; the judge overruled the appellant's objection and the agent remained. The state proceeded to present its case and called some nine witnesses; thereupon the agent who had been exempted from the rule was called *without objection* and gave his evidence.

Allowing the agent to remain in the courtroom under these facts was not error. *Ross v. State,* 135 Ga. App. 169 (1b), 171 (217 SE2d 170). But should the agent's testimony have been allowed into evidence after nine

other witnesses had been called? The district attorney did not inform the court in seeking exemption from the rule that the agent would be called other than as the first witness for the state. Having secured the agent's presence "the district attorney should present the excepted witness first or explain to the satisfaction of the trial court why the witness cannot be called first." *Parham v. State,* 135 Ga. App. 315, 321 (217 SE2d 493) and cits. And in this regard the case sub judice is distinguished from *Walker v. State,* 132 Ga. App. 274 (2) (208 SE2d 5). There was no need for the appellant to object when the district attorney *failed to call* the agent as his first witness, as the state should have done under *Parham.* "The appellant in this case could not have known whether the district attorney was going to call the GBI agent even though he was listed on the indictment. A person may assist in the prosecution of a case without being called as a witness." *Parham,* supra, p. 320. Where the appellant made his mistake was in failing to object when the agent *was called* as the tenth witness. Indeed, when the district attorney announced his intention to call the agent and the trial judge asked the appellant for his comments on this procedure, the appellant replied "I have no objection." Under these facts the trial judge properly allowed the agent to testify. *Jackson v. State,* 233 Ga. 529, 530 (212 SE2d 366).

2. The appellant argues two items of testimony placed his character into evidence and that his motions for mistrial should have been granted. First, one officer testified that the appellant, in explaining his whereabouts, stated he had "gone to Tifton to see a married lady." And second, on cross examination the appellant was asked about his explanation of the events leading to the burning of his home; it was his testimony that certain individuals involved in a stolen property scheme had been informed on by him and that the arson was their revenge. The later incident of examination and testimony in no way implicated the appellant in the theft of goods but merely involved evidence as to his buying a stolen tractor without knowledge, the official investigation and the appellant's information supplied to the authorities leading to arrests.

Neither of the above incidents of testimony im-

plicated the appellant in participation in a crime other than that for which he was on trial; rather it dealt with the *appellant's* own explanation of the events leading up to the burning of his house. Evidence if otherwise admissible does not become inadmissible because it may incidentally put the appellant's character in issue. *Spencer v. State,* 236 Ga. 697, 700 (224 SE2d 910). And as to the cross examination of the appellant with regard to the tractor, the trial judge offered to "instruct the jury that they are not to infer any knowledge on the part of the defendant in this case that he could have possibly known that that tractor was stolen at the time that he bought it, and I will instruct them that they are not to impute anything hurtful to the defendant from this testimony, and that it is admitted solely for the purpose of explaining the defendant's knowledge of W. D. Payne and how and why he [the appellant] became an informer for the GBI, if, in fact, this evidence does show that." The appellant declined the trial judge's offer to give these cautionary instructions to the jury. There was no error in failing to declare a mistrial after either incident of testimony.

3. As to the arson conviction the appellant enumerates the general grounds and argues his motion for directed verdict should have been granted. The appellant's story was that he unknowingly bought a stolen tractor from an individual and that when the authorities questioned him about the purchase he informed on those from whom he bought it, leading ultimately to their arrest; he testified as to threats he had received as a result of this activity. The evidence shows that on the date of the fire the house was stripped of most furnishings and that it had been extensively prepared for burning. Gasoline was poured throughout and cloth had been strewn from room-to-room and up the stairs to enhance flammability. The evidence amply shows arson by someone. The appellant's family was out of town at the time of the fire. The appellant showed that *at the time the fire was discovered* he was "a couple of blocks" away at a club; yet the evidence showed he could have had time to absent himself from the club, go to his house and return without undue suspicion or difficulty. It was further established that the fire was begun by a "time-delay"

method by turning on the electric burners of the stove and materials being left "laying across the stove and then around through the hallway, across the cabinets, kitchen cabinets." The appellant told officers that whoever had set the fire "had taken everything of value" and that the absence of furnishings was explained by theft. The house and the furnishings were insured. The evidence showed however that the furniture had been removed some two days before the fire by the appellant with the help of several men, employed by the appellant in another town, who rented a truck in their hometown in their own name and who removed the items at night. The furniture was taken some distance away, to Albany, and stored in a mini-warehouse which the appellant had caused to be rented by a friend in that friend's own name rather than in the appellant's. This evidence authorizes the jury's finding of the appellant's participation in the arson. *Griffin v. State,* 133 Ga. App. 508 (211 SE2d 382). It is presented that the state failed to demonstrate that the burning was without the consent of the mortgagees, and this being an essential element of the crime, the directed verdict should have been granted. It was stipulated that there existed outstanding security interests in the house held by certain institutions. On cross examination the appellant denied setting fire to the house and responded in the negative to the following question: "Did you have permission from the Citizens & Southern Bank of Colquitt County, the holder of a security interest in that home, to set fire to it?" The jury may believe part of a witness' testimony and disbelieve the rest. The jury was authorized to disbelieve the appellant's denial of setting the fire and the evidence supports their finding that he did in fact start it; having so found, they were authorized to believe that his statement that he did not have permission to do so was true. The motion for directed verdict was properly denied. *Bethay v. State,* 235 Ga. 371 (219 SE2d 743); *Terrell v. State,* 138 Ga. App. 74 (225 SE2d 470).

4. Denial of a motion for directed verdict as to the charge of damaging, destroying or secreting property to defraud is enumerated as error. The furnishings of the house were insured; they had been removed by the appellant at night two days before the fire on a truck

rented in a town some distance away and stored in another distant city in a location rented at the appellant's behest in the name of a friend. There was evidence that only "God's will" had prevented total destruction of the house, leaving little or no evidence of its contents. When the house was saved, the absence of furnishings was explained by the appellant by stating "they" had taken everything of value; he offered to deliver a list of missing items to the authorities and estimated their value at some $35,000. An insurance agent contacted the appellant about the presumed loss and the appellant was given forms to fill out; the agent was informed "they had wiped him out prior to setting his house on fire" and had taken "just about everything." At no time did the appellant inform the authorities or his insurance carrier that the items were in fact removed by him and in storage in a rented location under a friend's name. This evidence authorized the jury to find that the insured furnishings were removed and secreted knowingly and with intent to defraud another. Code Ann. § 26-1504.

5. The appellant objects to the court's charge on arson, in the following part: "In the case of arson, corpus delicti consists of two fundamental facts. One, the burning of the dwelling described in this bill of indictment, and two, the fact that a *criminal* agency was the cause of the burning." (Emphasis supplied.) It is urged that the court should have included a separate charge at this point with regard to the absence of consent of the mortgagee. Looking at the charge as a whole, the contested portion was preceded by the language of Code Ann. § 26-1401 (a) dealing with the absence of the security holder's consent to the burning and followed by a charge to the effect that a guilty verdict as to the arson count would be valid only if the jury believed beyond a reasonable doubt the appellant burned the house without consent of the security holder. The charge in its entirety is complete and replete with charges on the state's burden to prove arson beyond a reasonable doubt. The jury was adequately charged as to the state's burden to prove *criminal* agency, including the requirement to prove the lack of such secured party's consent to the burning. There was no error. In addition, when the appellant was asked if

there were any objections or exceptions to the charge as given the reply was that none were known and the appellant further indicated to the court that there were no omissions or oversights in the charge which should have been given on his behalf. *Griffin v. State,* supra.

*Judgment affirmed. Webb and Marshall, JJ., concur.*