## 56947. MOORE v. THE STATE.

SUBMITTED NOVEMBER 14, 1978 — DECIDED DECEMBER 1, 1978 — REHEARING DENIED DECEMBER 14, 1978 —

*Guy B. Scott, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.

1. Both enumerated errors refer to jury instructions. The state urges that since the defendant failed to object to the charge as given he cannot raise the question here. This is inaccurate. Code § 70-207 (a) as amended provides only that *in all civil cases* no party may complain of the giving or the failure to give an instruction, unless he has objected thereto prior to verdict. This statute has no relation to criminal cases. However, *Thomas v. State,* 234 Ga. 615 (216 SE2d 859) (1975) has laid down the rule that there may be a waiver such that the defendant cannot complain on appeal of errors relating to the charge, and states that such a waiver will result if the judge has omitted a pertinent principle of law from the jury instructions and his attention has not been called thereto, but such a waiver will not result from a failure to object to the charge as given, even where counsel is directly asked whether he has any exceptions to the charge and he replies that he does not. The statement in *Allanson v. State,* 144 Ga. App. 450, 455 (241 SE2d 314) (1978) that "a party may not complain of the giving of an instruction to the jury unless he objects thereto before the jury returns the verdict . . ." is thus overbroad and is disapproved.

Induced error is still impermissible. In *Edwards v. State,* 235 Ga. 603 (221 SE2d 28) (1975) defendant's counsel told the judge he *should charge* a certain principle of law. In *Hill v. State,* 237 Ga. 523 (228 SE2d 898) (1976) the court omitted a defense theory but asked counsel whether he had omitted anything and counsel replied in the negative. Both these statements constitute induced error and amount to an estoppel of the right to complain.

In view of the statement in *Thomas v. State,* supra, that a failure or even a refusal to object to a charge given will not preclude a review on appeal even where the defendant's counsel is asked whether he has any objections and he replies in the negative, we also add that the cases of *Griffin v. State,* 133 Ga. App. 508, 512 (211 SE2d 382) (1974) and *Powell v. State,* 142 Ga. App. 641, 646 (236 SE2d 779) (1977), are doubtless also overbroad. In *Griffin,* defense counsel stated to the court that he had no objections to the charge as given. In *Powell,* defense

counsel, asked if he had any objections, said none were known. These latter cases, however, are not involved in the present enumerations of error since counsel neither approved the instructions given nor failed to call to the court's attention an omitted principle of law which he might have charged if it had been brought to his attention.

2. The appellant complains of the court's failure to charge (after the defense was pointed out by counsel) Code § 26-904, the pertinent portion of which is that a person is justified in using force against another when he reasonably believes that such force is necessary to terminate the other's trespass on or other tortious interference with property lawfully in his possession. The court refused to so instruct the jury on the ground that that Code section referred only to force against the *person* of another but not his property, and he also instructed them that there are civil laws governing the right to close private ways which "do not play any part in the determination of the issues of whether or not the defendant has violated the terms of either of the two provisions of criminal law which I will call to your attention." Error is enumerated on this charge. He then defined the crime of criminal trespass, of which the defendant was convicted, as intentionally damaging the property of another without his consent in the amount of $ 100 or less. This defendant readily admitted that he drove the truck into the gate with the intention of causing it to open. It follows that if the above instructions were all correctly given he had no defense as a matter of law. There was no dispute either over the value of the gate, the withholding of consent, or the intention to break it open. The jury was thus precluded from considering as a defense the following undisputed facts on which the defendant relied:

The defendant testified that he had used the unpaved driveway at the side of the prosecutor's property to reach a garage on his own land where he kept building materials for a period of over twenty years, that other neighbors had likewise used it, that he had kept it in repair by putting rocks on it, and that every week or so he cut the brush along the side to keep it from growing up. This is sufficient

to establish a private way by prescription. "Whenever a private way has been in constant and uninterrupted use for seven years or more, and no legal steps have been taken to abolish the same, it shall not be lawful for anyone to interfere with said private way." Code § 83-112. It thus appears from the defendant's testimony, if true, that he had a right to drive his truck over the way in question and that the act of the prosecutor in obstructing it might therefore itself be illegal and constitute a trespass. Is this a circumstance which the jury is entitled to consider? There appears to be no Georgia law on the subject; however, other states have considered the matter and found a qualified right in the user of a prescriptive right of way to remove obstructions therefrom. "Generally, the person having the right to use an easement has the right to remove obstructions unlawfully placed thereon, as well as natural obstructions interfering with the use of the easement, so long as there is no breach of the peace." 25 AmJur2d 498, Easements and Licenses, § 92. Thus, if the user of the way has a right to the passage, an obstruction which prevents him from doing so is a private nuisance which he may abate so long as he does not commit a breach of the peace, and in doing so he does not become a trespasser. After so stating it was held in Krogh v. Clark, 213 NW2d 503 (4) (1973): "In the present case when plaintiffs refused to remove the obstructions which deprived defendants of full use and enjoyment of the easement, the defendants could rightfully remove the same, so long as they did no more than was necessary for that purpose and so long as they could accomplish it without a breach of the peace." Language allowing jury consideration of the defense urged should have been included in the charge. To the extent that failure to charge as complained of in the first enumeration of error removed from jury consideration the right of the defendant to protect himself against the trespass of another, and to the extent that the charge complained of in the second precluded the jury from considering any defense whatever except that the defendant did not commit the act, the court erred.

*Judgment reversed. Smith and Banke, JJ., concur.*