## 34646. THE STATE v. MOORE.

NICHOLS, Chief Justice.

Certiorari was granted to review Division 2 of the opinion of the Court of Appeals in *Moore v. State,* 148 Ga. App. 469 (251 SE2d 376) (1978).

The defendant was convicted of criminal trespass. Code § 26-1503. He and the prosecutor had had a dispute about whether or not he had a right to use a driveway running over the prosecutor's property. Both consulted with attorneys. The defendant informed the prosecutor that he had a right to continue using the driveway. The prosecutor disagreed, then surrounded his property with a chain link fence. The defendant drove his truck through the locked gate, damaging the fence and gate.

1. The trial court correctly declined to charge Code § 26-904 (a). Although that section allows the use of force against another *person* under limited circumstances, it does not authorize the destructive removal of a fence and locked gate blocking a driveway. The word "another" is defined to mean a person or persons other than the defendant. Code § 26-401 (c).

2. The trial court correctly charged that civil remedies were available to Moore for determination of the issue of whether or not the driveway had been lawfully closed; and that the issue of whether or not the driveway had been lawfully closed did not play any part in the determination of whether or not Moore had committed a crime by driving his truck through the fence, damaging the gate and fence. Code § 26-904 (a) is not an authorization for a self-help destructive removal of a barrier fence erected across a roadway, even though in civil litigation it might be determined that the person who erected the fence did so without right and was subject to legal sanctions or damages because of his wrongful conduct.

*Judgment reversed. All the Justices concur, except Hall, J., who dissents.*

ARGUED MARCH 13, 1979 — DECIDED
MAY 2, 1979.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Chief Assistant District Attorney,* for appellant.
*Guy B. Scott,* for appellee.