## 59719. POWELL v. THE STATE.

McMurray, Presiding Judge.

The defendant was indicted and tried for the offense of aggravated assault in two counts in that on the same date he made an assault upon two individuals by shooting one of them with a pistol and pointing the pistol at the other, the same being a deadly weapon used by the defendant in the assault. The jury returned a verdict of guilty as to Count 1 and as to Count 2 he was convicted of simple assault. He was sentenced to serve a term of four years as to the conviction of aggravated assault and a period of 12 months as to the simple assault, to be served concurrently with the sentence in Count 1. A motion for new trial was filed, heard, and denied. Defendant appeals. *Held:*

1. The two victims, who were soldiers stationed at Fort McPherson, Georgia, were involved in an automobile incident in which the automobile driven by one of them and in which the other was a passenger struck a vehicle driven by another person and in which vehicle the defendant was riding as a passenger. The defendant contends that the automobile driven by the soldier left the scene without exchanging drivers' licenses, insurance information, or proper police report, and that he considered him a hit and run assailant and in defense of his property he pursued him to make a citizen's arrest. The two soldiers, however, contend that after the automobile incident the defendant pulled a gun and the driver immediately left the scene to go to police headquarters or the "police shack." With one vehicle in hot pursuit of the other, the soldier eventually wrecked his automobile allegedly hitting a brick wall and post (and/or telephone pole). The defendant contends that he attempted to make a citizen's arrest but when the alleged arrested driver attempted to leave he shot him in the foot, thinking he had a gun or a knife in his pocket. The defendant denied that he shot at the automobile but only shot one time during the pursuit, although the two soldiers testified he was shooting at them as they fled from the scene of the automobile incident. The other soldier testified that the defendant pointed the pistol at him after they had wrecked their automobile. The police officer who testified at the trial stated that he answered a call for a "forty-three," a hit and run, and a "twenty-nine," which is a disturbance, and that he recovered a

.45 automatic Colt from another officer at the scene; that he had occasion to talk with the defendant who told him that "he shot Mr. Duffey because he struck his vehicle at Harris and Courtland," and that the automatic weapon he recovered was identified as the property of the defendant. The defendant admits he shot the victim in the foot, contending he was justified under the defenses as to criminal liability found in Code Ch. 26-9. Defendant argues that under the circumstances the verdict is decidedly and strongly against the weight of the evidence. The state failed to prove any criminal intent on his part, and the verdict was contrary to law, the principles of justice and equity, all of which is based upon the fact that he was justified in his actions. Unfortunately, the jury considered all of the testimony and chose not to believe his testimony but that of the victims, in finding that he assaulted one of them with a deadly weapon by shooting him in the foot and placed the other in reasonable apprehension of immediately receiving a violent injury in pointing the weapon at him, thereby authorizing conviction of aggravated assault as to shooting one victim in the foot and simple assault as to the pointing of a pistol at the other. Indeed there was other testimony which was denied by the defendant that he shot at the victims during the automobile chase. The evidence was sufficient to support the verdict against the defendant. *Harris v. State,* 234 Ga. 871, 873 (218 SE2d 583); *Harris v. State,* 236 Ga. 766, 767 (225 SE2d 263); *Moore v. State,* 240 Ga. 807, 811 (II (1)) (243 SE2d 1).

After careful review of the trial transcript and record we find and so hold that a rational trier of fact (the jury in the case sub judice) could readily have found the defendant guilty beyond a reasonable doubt of each of the offenses (aggravated assault as to Count 1 and simple assault as to Count 2) in shooting one of the victims in the foot and pointing the gun at the other, although the testimony as to the gunshots during the automobile chase might also have been sufficient to show same. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916).

2. The trial court charged the jury that the defendant had pleaded not guilty to both counts; that he entered the trial with the presumption of innocence in his favor and that the state had the burden of producing evidence in the presence of the jury sufficient to satisfy their minds beyond a reasonable doubt of the defendant's guilt of the offense or offenses charged. The court outlined in detail the definition of reasonable doubt, and the defendant's contention that his actions in dealing with the soldier driver who was shot in the foot were justified under the law. The court then instructed the

jury as to the use of force in defense of self and others and that if the jury believed the contentions of the defendant to be the truth of the case or if there rests upon their minds any reasonable doubt it would be their duty to acquit the defendant as to any count to which the jury had a reasonable doubt. Of course, this is merely the substance of the charge as to the defense offered by the defendant as the court otherwise charged completely as to the general instructions found in criminal cases. The defendant now insists that the trial court erred in failing to sufficiently charge the jury as to his defenses, such as justification (Code Ann. § 26-901 (Ga. L. 1968, pp. 1249, 1272)); mistake of fact (Code Ann. § 26-705 (Ga. L. 1968, pp. 1249, 1270; 1969, pp. 857, 859)); use of force in defense of property (Code Ann. § 26-904 (Ga. L. 1968, pp. 1249, 1273)); justification with reference to a lawful arrest (Code Ann. § 26-901, supra), and that it was the duty of the trial court to charge upon every material issue of fact in the case. Inasmuch as the trial court failed to sufficiently instruct upon the above, defendant insists that a new trial is required, citing *Franklin v. State,* 136 Ga. App. 47, 48 (2) (220 SE2d 60) and *Moore v. State,* 148 Ga. App. 469, 471 (2) (251 SE2d 376). We note that Division 2 of *Moore v. State,* 148 Ga. App. 469, 471 (2), supra, was reversed in *State v. Moore,* 243 Ga. 594 (255 SE2d 709).

However, the defendant made no written requests as to the specific Code sections now elaborated as requiring the court to charge thereon as having been material issues of fact raised by the evidence. The trial court did charge on justification, but no testimony was offered that the defendant was using force to protect himself or third persons against another's imminent use of unlawful force; nor was it shown that he reasonably believed that such force was necessary to prevent death or great bodily injury to himself or third persons. In fact, no evidence was offered that the victims were using any force at all. The defendant testified he was seeking to make a citizen's arrest.

Consequently, there was no need, based upon the evidence, to charge the substance of Code Ann. § 26-902 (Ga. L. 1968, pp. 1249, 1272) or Code Ann. § 26-904, supra, as to the use of force in defense of property since the defendant's property was already damaged, and the force he used was not necessary to prevent or terminate the trespass or other tortious or criminal interference with property. Certainly no act or omission to act constituting a mistake of fact was induced by a misapprehension of fact which, if true, would have justified the acts of defendant. Consequently, the court did not err in charging the substance of Code Ann. § 26-705, supra.

Defendant also contends that the trial court erred in failing to charge the substance of Code Ann. § 26-901 (d), supra, as to

justification in that his conduct was reasonable and performed in the course of making a lawful arrest. Under the evidence here, the trial court did not err in failing to charge on justification of the defendant in shooting the victim in the foot to prevent him from leaving the scene after the victim had wrecked his automobile. The transcript fails to disclose evidence sufficient to authorize such a charge. *Johnson v. State,* 122 Ga. App. 542, 543 (2) (178 SE2d 42); *Hewitt v. State,* 127 Ga. App. 180, 186 (193 SE2d 47); *Trask v. State,* 132 Ga. App. 645, 649 (9) (208 SE2d 591); *Lanham v. State,* 243 Ga. 576 (2) (255 SE2d 52).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED APRIL 15, 1980 — DECIDED MAY 9, 1980.

*Sharman M. Meade,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.