## 62047. MIMS v. THE STATE.

BIRDSONG, Judge.

Lonzo L. Mims was convicted of the burglary of a J. C. Penney store and sentenced to serve five years. He enumerates four alleged errors. *Held:*

1. In his first two enumerations, Mims argues that the trial court erred in refusing to allow him to make an opening statement and making comments pertaining thereto. These enumerations do not accurately portray the occurrence. After the state had concluded its opening statement, the trial court requested the defendant to make his statement. Mims' counsel declined to do so, requesting the right to make the statement at the conclusion of the state's evidence. The trial court reminded the defendant's counsel that the procedural timing of an opening statement lay within the sound discretion of the trial court. Counsel acknowledged this but insisted on making his statement at the beginning of his case. We do not know from the transcript whether the trial court was privy to the defendant's tactical intentions, but the court admonished counsel that he did not desire the defendant to comment on the state's case in an opening statement. As a matter of fact, as soon as the state rested, so did the defense; thus, there was nothing for the defendant to give to the jury in outline of its defense. The defendant never gave an opening statement.

Under these circumstances, we find no error. In the first place the trial court did not deny counsel the right to make a statement, but simply exercised its discretion to require presentation to the jury before the beginning of evidence on the issues the jury would have to resolve. This exercise of discretion was not erroneous and certainly not prejudicial. See *Berryhill v. State,* 235 Ga. 549, 550 (3) (221 SE2d 185). Nor do we find any harm in the announcement of the reason why the court desired the opening statements to be made in tandem. We

do not note the same glimmer of evil in the comment as that by which the appellant attempts to characterize it.

2. In his next enumeration, Mims contends that it was error for the court to allow a witness to testify whose name had not been furnished to him prior to trial. The evidence shows that the state had intended to call two other witnesses to establish the unlawfulness of the entry into the store. One of these witnesses had been transferred to Florida and the other was a patient in a hospital suffering from terminal cancer. The witness called was knowledgeable as to the same testimony and was to testify to nothing that the appellant was not already expecting. Moreover, prior to the witness' testimony, the trial court allowed appellant's counsel to interview the witness. The court then inquired if following that interview he required a further delay. Upon receiving a negative reply from the defendant's counsel and that he was ready, the trial proceeded. Under these circumstances, the witness' testimony was absolutely admissible as against the objection. See *Griffin v. State,* 133 Ga. App. 508, 509 (1) (211 SE2d 382); *McCorquodale v. State,* 233 Ga. 369, 376 (8) (211 SE2d 577).

3. In his last enumeration of error, appellant complains that it was error to allow his confession into evidence because he was promised that if he gave a statement he would be allowed to "get out." This so-called promise was explicitly denied by all the interviewing police officers. Thus at best, an issue of fact was created. The trial court resolved the factual issue against the appellant at a Jackson-Denno hearing. Subsequently, the jury under appropriate instructions also decided adversely to the appellant's contention. There was no error in the admission into evidence of the appellant's confession. See *Pierce v. State,* 235 Ga. 237, 239 (3) (219 SE2d 158).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 25, 1981.

*Baxter C. Howell,* for appellant.
*Hobart M. Hind, District Attorney, Columbus B. Burns III, Assistant District Attorney,* for appellee.