ROSENBROOK *vs.* THE STATE OF GEORGIA.

1. It is most manifest, from the evidence in this case, that the defendant was guilty of the offence of keeping open a tippling-house on the Sabbath day.

2. Section 4710 of the code, which provides that the cases on the criminal docket shall be called in the order in which they stand on that docket, unless the defendant be in jail, or otherwise, in the sound discretion of the court, is directory and not mandatory. The exception, "or otherwise in the sound discretion of the court," confers the right on the judge to use that discretion in taking up a case out of its order. Even if the judge had no right to call the docket and take up a case out of its order, before a party could

be heard to object, he must show injury to himself, resulting from the act of the court.

November 9, 1886.

Criminal Law. Laws. Practice in Superior Court. Before Judge HARDEN. City Court of Savannah. February Term, 1886.

Reported in the decision.

GARRARD & MELDRIM, for plaintiff in error.

F. G. DUBIGNON, solicitor-general, for the State

BLANDFORD, Justice.

The plaintiff in error was indicted and found guilty for the offence of keeping open a tippling-house on the Sabbath day. He moved for a new trial, which was refused; he excepted, and error is assigned thereon.

That the accused was guilty is most manifest from the evidence in the case. The main question insisted on is, that the court erred in calling the case out of its order as it was placed on the docket, the accused objecting thereto, but assigning no special reason why he was injured or otherwise prejudiced in the court so doing. But he relied on section 4710 of the code, which section enacts that the cases on the criminal docket shall be called in the order in which they stand on the docket, unless the defendant be in jail, or otherwise in the sound discretion of the court. This statute is directory only and not mandatory. 2d. The provision, exception or statement, "or otherwise in the discretion of the court" contained in the section, it would seem, settled the right of the judge to call the docket in his discretion; and 3d, even if the judge had no right to call the docket and take up a case out of its order, before a party could be heard to object, he must show injury to himself resulting from the act of the court.

Judgment affirmed.