## 40066. IVEY v. THE STATE.

JORDAN, Judge. The defendant was tried and convicted of the offense of receiving stolen goods. His amended motion for new trial, in which he assigned error on the refusal of the trial court to continue the case on timely motion, was denied; and the exception is to that judgment. *Held:*

Where one charged with crime learned for the first time upon the call of the case that he was to be tried upon a special presentment of the grand jury, of which he had no prior knowledge, and not upon the indictment under which he had been arrested and made bond and to which he had announced his plea of not guilty in a previous appearance in court, and where these facts were made to appear to the court without contradiction, and it further appeared that defendant's counsel

stated to the court that he had prepared his defense and was ready to go to trial on the original indictment but was not prepared to go to trial on the special presentment of which he had no prior knowledge, it was error, "which abridged the substantial benefits of the constitutional right of representation by counsel," for the trial court to refuse to continue the case or postpone it so as to allow counsel a reasonable time for preparation of the case to be tried. *Yates v. State*, 17 Ga. App. 347 (86 SE 783).

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*

DECIDED APRIL 18, 1963.

*Nicholson & Fleming, William M. Fleming, Jr.*, for plaintiff in error.

*George Hains, Solicitor General*, contra.