23478.   KENNEMORE v. THE STATE.

ARGUED MAY 10, 1966—DECIDED JUNE 23, 1966—
REHEARING DENIED JULY 13, 1966.

*Reed & Dunn, Robert J. Reed, Hester & Hester, Frank B. Hester,* for appellant.

*Floyd G. Hoard, Solicitor General, Davis & Davidson, Arthur K. Bolton, Attorney General, Carter A. Setliff, Assistant Attorney General,* for appellee.

GRICE, Justice. This is an appeal from a conviction and sentence of life imprisonment for murder. The grand jury of

Jackson County indicted Richard Kennemore for the slaying of Donald Marlowe, and trial was in the superior court of that county. In *Kennemore v. State*, 222 Ga. 252 (149 SE2d 471), the conviction of appellant's brother William for this same homicide was affirmed. There are twelve enumerations of error in the instant case.

■ Enumerations 1, 2 and 3 may be dealt with together. They contend that the trial court erred in overruling appellant's challenge to the panels, polls and array of jurors, and in excusing and disqualifying certain persons from the panels placed upon him. The contention is that the exclusion of such persons upon the ground that they were opposed to capital punishment violated his constitutional rights in that he was entitled to a jury trial by his peers, including those opposed to capital punishment. This contention was ruled adversely to appellant in the recent decision of *Williams v. State*, 222 Ga. 208 (3) (149 SE2d 449), in which it was held that "The trial court did not err in excusing 37 persons called for jury service because they stated that they were conscientiously opposed to capital punishment, and the defendant was not denied due process of law as a result of their being excused."

■ In enumerations 4, 7 and 9 the appellant complains of the introduction of testimony as to statements made by his brother William outside the presence of appellant. He contends that these were hearsay. The State, on the other hand, maintains that such statements were made during a conspiracy by appellant and his brother to commit murder. It relies upon *Code* § 38-306, which provides that "After the fact of conspiracy shall be proved, the declarations by any one of the conspirators during the pendency of the criminal project shall be admissible against all."

In determining whether the fact of conspiracy was proved here, we are cognizant of the rule that, "Conspiracy consists in a corrupt agreement between two or more persons to do an unlawful act, the existence of which agreement may be established by direct proof, or by inference, as a deduction from acts and conduct, which discloses a common design on their part to act together for the accomplishment of the unlawful purpose." *Fincher v. State*, 211 Ga. 89 (4) (84 SE2d 76).

However, from a study of this voluminous record we have concluded that the evidence does not show a prima facie case of conspiracy so as to charge the appellant with statements made by his brother. No common design was shown. From what appears no one witnessed the homicide, and no one identified the two as being at or near the scene of the crime when it occurred at approximately 11 p.m., or thereafter. The only showing of the two being together during the several hours preceding the homicide was the appellant's unsworn statement that he was in the car with his brother for a short while around 8:30 or 8:45 p.m. The circumstances relied upon to establish the conspiracy create, at most, a suspicion.

Accordingly, the testimony objected to was improperly admitted.

In view of this ruling it is not necessary to deal with appellant's complaint, in enumeration 7, as to the court's refusal to allow, in support of the motion to exclude testimony, the witness's statement made upon a previous hearing.

■ Enumerations 5 and 6 are also related. The former asserts that the sheriff should not have been permitted to testify since the rule of sequestration had been invoked, and he was permitted to remain in the courtroom although no showing was made that his presence was necessary. The latter avers that in view of such rule an agent of the Georgia Bureau of Investigation was erroneously permitted to testify since no showing was made that he could not have been used by the State as its first witness after the rule was invoked. There is no merit in these contentions. The record shows that at the beginning of the trial the solicitor general requested that these witnesses be allowed to remain in the courtroom to assist in the prosecution. In such situation this court has consistently held that allowing witnesses to remain in the courtroom and testify is within the trial court's discretion. See *Shaw v. State,* 102 Ga. 660 (5), 666-667 (29 SE 477); *Hoxie v. State,* 114 Ga. 19 (8) (39 SE 944); *Justice v. State,* 213 Ga. 166 (2) (97 SE2d 569); *Benton v. State,* 9 Ga. App. 291 (6) (71 SE 8).

■ The appellant contends in enumeration 8 that the trial court erred in denying his motion for an independent hearing to

·determine the voluntariness of statements allegedly made by his brother William. In view of the ruling made in Division 2, supra, it is not necessary to pass upon this contention.

■ Enumeration 10 relates to the court's ruling that a prima facie case of conspiracy had been established. The ruling made in Division 2, supra, is controlling as to this enumeration.

■ Enumeration 11 complains that the trial court erred in overruling appellant's motion for mistrial based upon the State's counsel propounding a hypothetical question to a character witness for the appellant. Upon objection the question was ruled out and the jury instructed to disregard it. Under these circumstances, it was not error to deny the motion for mistrial.

■ The twelfth enumeration relates to the charge concerning admissions, appellant contending there was no evidence to authorize such charge. An examination of the record shows no admission by the appellant. Those by his brother, under the ruling made in Division 2, supra, should have been excluded. Therefore, there was no admission so as to authorize a charge upon that subject.

*In view of what is ruled in Divisions 2, 5 and 7, the judgment is reversed. All the Justices concur, except Duckworth, C. J., and Candler, P. J., who dissent.*