28199. BUTLER v. THE STATE.

ARGUED SEPTEMBER 13, 1973 — DECIDED OCTOBER 25, 1973.

*King & Phipps, C. B. King, Thomas M. Jackson,* for appellant.
*Richard Bell, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Deputy Assistant Attorney General,* for appellee.

NICHOLS, Justice. 1. The appellant's first contention is that the judgment of the trial court overruling her challenge to the array

of the grand jury was error, and the second contention is that the overruling of a challenge to the array of the petit jury was error. These contentions will be dealt with together.

Pretermitting the question of the timeliness of the challenge to the array of the grand jury, the evidence adduced did not demand a finding, even if such a finding was authorized, that either the grand or petit jury was unconstitutionally constituted. In this case, like the case of *Hardwick v. State,* 231 Ga. 181, the evidence may have authorized a finding that there had been *no systematic inclusion* of certain distinguishable and identifiable classes of persons, but it did not demand, if indeed it would have authorized, a finding that there had been a systematic exclusion of such group or groups of persons contrary to law. See also *White v. State,* 230 Ga. 327 (196 SE2d 849). The trial court did not err in overruling the challenges to the array of the grand and petit juries.

2.  The trial court did not err in overruling the defendant's motion for a change of venue.

While 28 prospective jurors were excused for cause, the 48 jurors put upon the defendant were not disqualified from serving and although, in varying degree, a number of them had been exposed to pre-trial publicity and some had formed some opinion, but no juror was put upon the defendant who indicated that he had formed any opinion which would not readily yield to evidence.

"The key rulings on such motions in this type of case, as gleaned from *Morgan v. State,* 211 Ga. 172 (1) (84 SE2d 365) and cit., may be expressed thus: There is no inference of prejudice requiring a change of venue from the mere fact of the publishing of descriptive or even denunciatory matter, or even from the juror's having formed or expressed an opinion from rumor or from reports from newspapers or other news media; what is required is a showing that the juror had formed such a fixed or unchangeable opinion as to the guilt or innocence of the defendant as would not yield readily to the testimony. The record in the instant case indicates that, subsequent to the making of the motion, the 48 prospective jurors were each qualified by asking them whether they had read, heard or seen the allegedly prejudicial reports and that all of them stated under oath that, even if they had, they had an open mind about it and were not prejudiced in any way. The publicity was not prejudicial per se. Even where the evidence is in substantial conflict, the trial judge does not abuse his discretion in overruling a motion for change of venue. *Chatterton v. State,* 221 Ga. 424, 429 (144 SE2d 726)." *Thacker v. State,* 226 Ga. 170, 174 (173 SE2d 186),

(one dissent upon another ground).

3. The trial court refused to excuse one prospective juror for cause when she testified that she had a suspicion of the defendant's guilt and that if she were being tried she would not want to be tried by someone who had her present state of mind as it related to the suspicions she had regarding the guilt of the defendant.

The individual examination of this prospective juror consists of approximately 60 pages. The examination by the defendant's counsel was thorough and probing and the responses by the prospective juror were candid and frank.

She, like the defendant and the victim, was employed by the Internal Revenue Service; she had been under the supervision of the victim at one time for approximately six weeks and knew her as a supervisor, but not personally; she knew the defendant by sight; she had signed a card sent to the victim's family expressing sympathy and had contributed to the cost of such card along with numerous other employees at the Internal Revenue Service; the "accident" had been discussed by other employees and she knew of it; she held no prejudice or bias against the defendant; she knew it was the responsibility of the state to prove the defendant guilty beyond a reasonable doubt before the jury would find the defendant guilty, and if the state did not prove the defendant guilty beyond a reasonable doubt, the duty of the jury is to acquit; if she were chosen as a juror she could, after having listened to the law applicable to the case as given by the court and having heard the testimony as given from the stand or other testimony, decide whether the defendant was guilty and in so doing give her a fair trial; she had not formed an opinion because she did not know enough facts to form an opinion; and finally she answered the questions as shown above, which answers formed the basis of the objection.

The prospective juror had previously shown herself qualified to serve by her responses to the statutory questions set forth as questions 1 through 3 of Code § 59-806.

In *Thacker v. State,* supra, it was held that it was not error to refuse to strike for cause a prospective juror who had contributed to a fund raised for the family of the deceased. Certainly a contribution to express sympathy to such a family would not be cause to strike a prospective juror.

In *Thomas v. State,* 144 Ga. 298 (2) (87 SE 8), it was held: "The opinion which disqualifies a juror from sitting in a criminal case depends on its nature and strength. Where a juror was put on the court as a trior, and the only evidence submitted to show his

incompetency was that elicited from the juror himself, and from his examination it appeared that the juror had neither seen the crime committed nor heard any evidence on oath, and had no bias or prejudice against the accused, or fixed opinion as to the guilt of the accused which would not yield to the evidence and the instruction of the court, there was no abuse of discretion in holding the juror competent, although he may have said he 'had a little opinion' about the case."

The questions asked the prospective juror in that case are set forth beginning on page 299 and in many respects are similar to those asked in the case sub judice.

The prospective juror in this case was not disqualified from serving and the judgment of the trial court refusing to strike such juror for cause was not error. Compare *Clemon v. State,* 218 Ga. 755 (3) (130 SE2d 745), and cits.

4. During the defendant's trial a police officer was called to testify as to certain admissions made by the defendant shortly after Betty Davis was shot. The jury left the courtroom and a separate hearing was held to determine voluntariness as prescribed by the decision of the United States Supreme Court in Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205).

At this hearing evidence was adduced that police officers read to the defendant the "Miranda rights" from a printed form, that the defendant signed a form waiving such rights specifically before the admissions were made to which the witness testified, that prior to making such admissions the defendant made several telephone calls and talked with an attorney who advised her not to make any further statements, that approximately two hours elapsed between the time of the shooting and the time the in-custody statement was made, during which time the defendant was permitted to smoke and drink coffee. The initial finding of the trial court that the admissions were made voluntarily, thus permitting the jury to then pass upon such question, was not error. *Callahan v. State,* 229 Ga. 737, 740 (194 SE2d 431).

5. The remaining enumerations of error complain of the verdict being contrary to law and without evidence to support it basically because of the alleged errors heretofore dealt with and which have been held to be without merit.

The evidence adduced upon the trial of the case authorized the verdict of guilty and the sentence of the defendant to life imprisonment must be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, J.,*

*who dissents from the ruling made in Division 3 and from the judgment of affirmance.*