## 29683. STEWART v. THE STATE.

UNDERCOFLER, Presiding Justice.

George Stewart was convicted of the murder of Felton Goodrum and sentenced to life imprisonment.

The evidence shows that the defendant and his wife Evelyn were separated. Evelyn had met Goodrum about a week before the murder and subsequently had seen him every night. On Friday, May 10, 1974, Goodrum called for Evelyn at her home about 7:30 p.m. and they went to several clubs. They returned to her home about 4:00 a.m. on Saturday morning. About 3:00 a.m. on that Saturday morning the daughter of the defendant returned to the home and found her father, the defendant, there. He asked her where her mother was and who was with her. When the daughter told him she did not know, the defendant told her that he knew who was with his wife

and that he intended to "kill whomever she was with." The defendant's sister-in-law was also in the home and the defendant told her that he was waiting on Goodrum and Evelyn and that he was going to kill him. At 4:00 a.m. when Goodrum and Evelyn arrived, the daughter and sister-in-law ran out to the parking lot, waving and telling them to leave. The defendant followed after them with a gun in his hand and began shooting at the car. The first shot went through the windshield and Evelyn ran from the car, leaving the right front door open. The defendant went to the open door and fired twice more at Goodrum. The car rolled back, hit another car in the parking lot and Goodrum fell out on the ground. Some men who were at the scene put him into the car and took him to the hospital. He was dead when the hospital physician examined him. The cause of his death was three bullet wounds in the face.

After being advised of his constitutional rights, the defendant told J. C. Freeman of the Georgia Bureau of Investigation that he and his wife were separated, that he went to his wife's home about 1:00 a.m. on Saturday morning, that when he arrived at the home his three daughters were asleep, and that he awakened one of them and learned that his wife and Goodrum had left earlier in the evening. He went to various locations looking for them but was unable to find them. He parked his car near his mother's house and walked back to his wife's home about 2:30 a.m. He told the officer that all his children were then awake and his grandchild was crying because she had fallen off the bed and he stated that just "broke his heart." About 3:00 a.m. the mother of the baby came home but this daughter did not know where her mother, his wife, was. When the daughter and a sister-in-law heard a car drive up, they ran out the door to tell Goodrum and Evelyn to leave. The defendant stated that he ran out the door behind them toward the car, that Goodrum was trying to back the car out, that he shot one time through the windshield, ran around to the passenger side, opened the door and shot three or four more times. Evelyn told him he was wrong but he told her that "I have caught up with you." He left the scene and walked to his car. He was driving to Forsyth when he was arrested by the police.

The defendant testified at the trial, however, that Goodrum tried to run over him with his automobile and he fired the first shot through the windshield, and that he subsequently fired two shots more at him because he "went in there to get his gun to kill me."

An officer found an unloaded .32 caliber pistol locked inside the car's console next to the victim.

The defendant appeals to this court. *Held:*

1. The appellant contends that the trial court erred in failing to give the jury the charge on voluntary manslaughter without a request because the evidence shows a sudden, violent, and irresistible passion resulting from serious provocation sufficient to excite such passion in a reasonable person. The appellant bases his contention on the fact that his wife had been with Goodrum on the night of the murder and for several previous nights and he viewed them in the car together immediately prior to the murder; that he was distraught over his wife's neglect of the children and the grandchild; that his concern was aggravated by seeing the grandchild unattended on the floor of her residence and that Goodrum attempted to run over him in his automobile, drew a gun on him, and caused him to kill in the heat of passion. Two prosecution witnesses testified that the appellant had said immediately prior to the shooting that he was going to kill Goodrum and left the home with a gun in his hand when he heard the car approaching. The appellant testified that he fired the shots solely to protect himself from the victim because the victim tried to run over him with his car, that he jumped to one side and then shot his gun through the windshield. The state's evidence showed premeditated murder and the defense was justifiable homicide. There is no evidence of provocation sufficient to reduce the intentional homicide to voluntary manslaughter. A charge of justifiable homicide was given by the trial court. Compare *Campbell v. State,* 204 Ga. 399 (49 SE2d 867).

There is no merit in this contention.

2. The appellant contends that the trial court erred in charging the jury: "The person is justified in using force which is intended or likely to cause death or great bodily harm only, if he reasonably believes that such force is

necessary to prevent death or great bodily injury to himself or the commission of a forcible felony. The person is not justified in using force under the circumstances just enumerated, if he initially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm *upon himself.* The court charges you that if you find that the defendant acted in this case in justifiable defense of himself under the principles of the law I have given you in charge, it would be your duty to find the defendant not guilty." (Emphasis supplied.) The appellant contends that the emphasized words should be *upon the assailant* as is provided in Ga. L. 1968, pp. 1249, 1272 (Code Ann. § 26-902 (b, 1)) and that the charge was prejudicial to him. There is no merit in this contention.

We find that the charge as given was an inadvertent misstatement by the trial court and that it was not so confusing or prejudicial to the defendant as to require a new trial.

3. The appellant contends that the trial court erred as a matter of law in not charging the jury without request on the law relating to justification of the use of force in defense of members of one's family. The new Criminal Code of 1968 (Ga. L. 1968, p. 1249 et seq.) does not contain a provision relating to justification of the use of force in defense of members of one's family but does contain a provision for justification of the use of force in defense of self or others. Ga. L. 1968, pp. 1249, 1272 (Code Ann. § 26-902).

However, there is no evidence in this case which would have required the trial court to charge justification of the use of force in defense of others since the defendant contended he shot the victim to protect himself.

4. The appellant contends that the corpus delicti was not proved because the indictment charged him with the murder of Felton Goodrum but the evidence showed that the victim's real name was Felton Greer.

There is no merit in this contention. The evidence was sufficient to show that the victim used both the names Felton Goodrum and Felton Greer and was known by several witnesses by each name.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 24, 1975 — DECIDED MARCH 18, 1975.

Alfred D. Fears, Richard G. Milam, for appellant.
Edward E. McGarity, District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General, for appellee.