## 50526. PARHAM v. THE STATE.

MARSHALL, Judge.

Appellant was tried for murder for shooting a Madison County deputy sheriff at 3:00 a.m. on August 5, 1974. He was convicted of voluntary manslaughter and sentenced to 20 years. He filed a motion for new trial listing 11 special grounds of error, eight of which are also grounds for his enumeration of error in this appeal. The primary issues are whether or not appellant's incriminating statements were voluntary; the late furnishing of the list of witnesses; whether or not a charge on voluntary manslaughter was warranted by the evidence; and a violation of the rule of sequestration. *Held:*

1. Shortly after the shooting incident, appellant signed the following written statement for policemen: "I started to pull out of James' driveway and I saw the Sheriff's car go down the road toward Georgia 191. I stopped and started backing up. The Deputy was turning

around and coming back. I went to the front door and I couldn't get anybody to the front. I went to the back door and Joe got up. I told Joe that the Sheriff or his Deputy was down there. Joe told me to go down there and tell him to stop and he will come and talk to him. I got almost to the Sheriff's car. He opened the door and started to get out. I hollered: 'Hey, is there something you want?' He then started shooting and I drew my gun and I started shooting. He then lay over in the car and was breathing pretty hard." The appellant also made an additional oral statement to the effect that to the best of his memory the deputy started shooting first but that he was not sure that he could have started shooting first.

Appellant contends that because he had been without sleep for almost 30 hours, and had not eaten in several hours, and was under medication for the gunshot wounds he received at the time the statements were given, they could not have been voluntary and were inadmissible. Beecher v. Alabama, 408 U. S. 234 (92 SC 2282, 33 LE2d 317); Clewis v. Texas, 386 U. S. 706, 712 (87 SC 1338, 18 LE2d 423). We disagree. At the hearing of appellant's motion to suppress the written statement, the officers present when appellant made the statement testified he was fully advised of his rights and waived them, that appellant did not appear under the influence of alcohol or drugs, and that he was not coerced or threatened. The trial judge, based on this testimony, determined that the statements were voluntary and admitted them. At the close of the evidence he instructed the jury that it could consider the statements made by appellant only if freely and voluntarily made.

Whether or not these statements were admissions or were exculpatory in nature (see *Robinson v. State,* 232 Ga. 123 (2) (205 SE2d 210)) they were properly admitted. "While legality, duration, and conditions of detention are of course relevant for consideration and determination of whether a confession is voluntary, nothing here appears to require a determination as a matter of law that by reason of illegal detention, length of detention, and the conditions here shown, the confession as a matter of law was coerced and involuntary and therefore inadmissible in evidence. Instead, we think the trial judge was

authorized to determine from the circumstances that the confession was voluntary and admissible." *Wilson v. State,* 229 Ga. 395, 397 (191 SE2d 783). See also, *Allen v. State,* 231 Ga. 17 (2) (200 SE2d 106); *Claybourn v. State,* 190 Ga. 861 (1) (11 SE2d 23).

2. Appellant contends that because he was not furnished a list of witnesses until after his arraignment and the day before his trial, it was error for the trial judge to deny his request for a continuance. The record shows that appellant's counsel demanded a list of witnesses in writing on August 22, 1974, and was told by the district attorney that the witnesses he intended to call were listed on the indictment, a copy of which counsel could obtain at the clerk's office; that appellant was arraigned on the morning of August 26, 1974; that a list of witnesses was furnished counsel that afternoon, at which time appellant also received a copy of the indictment listing 12 witnesses; and that appellant's trial commenced the morning of the following day. At the trial, 10 of the 12 witnesses listed on the indictment testified for the state. One additional witness testified for the state (a policeman) who was not listed on the indictment. There was no showing by the state that the witnesses to be called by it were made known to appellant at any time prior to the afternoon preceding the trial. Nor did the district attorney state that any of the witnesses were "newly-discovered."

Was such a late furnishing of the list of witnesses so late as to show an abuse of the trial court's discretion in denying appellant's request for continuance? In *Fishman v. State,* 128 Ga. App. 505 (197 SE2d 467), this court held that furnishing the list of witnesses just prior to arraignment "abridged the substantial benefits of the constitutional right to representation by counsel," citing *Ivey v. State,* 107 Ga. App. 646 (131 SE2d 114). In *Davis v. State,* 135 Ga. App. 203 we found that a list furnished the day before the trial commenced to be "too late to be adequate." Yet, in *Favors v. State,* 234 Ga. 80 (214 SE2d 645), furnishing the list "6 full days" prior to the trial was found to be timely so as not to amount to an abuse of the trial court's discretion.

The state, having made no showing in the record that the appellant was otherwise put on notice as to the

witnesses to be called or that the appellant could not have been prejudiced thereby, the late furnishing in this case warranted a continuance for appellant. The state did not supply the list of witnesses "on demand." Code Ann. § 27-1403. "A specious and empty compliance with the formalities of law which results in the withholding of that which the spirit of the law seeks to grant cannot be countenanced. *Fishman v. State,* 128 Ga. App. 505, 511, supra.

3. The appellant enumerates error in that the trial court instructed on the law of voluntary manslaughter when there was no evidence of "sudden, violent, irresistible passion resulting from serious provocation." The only evidence bearing on this issue is appellant's statement (Division 1, supra), and it indicates that appellant shot the deputy in self-defense. The deputy fired 4 shots, at least 2 of which wounded the appellant. Appellant testified that he did not pull out his pistol until after he was shot and that he stopped firing when the deputy stopped. There is no evidence that appellant knew the deputy prior to the shooting and there had been no argument or feud between them. There was no evidence of appellant being in the heat of passion. The state attempted to show that the shooting was racially motivated. When the sheriff arrived at the scene and asked who shot his deputy, the appellant spoke up and said, "I shot your goddamn nigger deputy." While it is true, as the state contends, that being shot at by the victim may be "serious provocation," such would be true in nearly every self-defense case. In this case the state attempted to prove malice aforethought and the appellant self-defense. There was no evidence of voluntary manslaughter. See *Stewart v. State,* 234 Ga. 3 (1) (214 SE2d 509); *Gregg v. State,* 233 Ga. 117 (2) (210 SE2d 659); *Williams v. State,* 232 Ga. 203 (206 SE2d 37); *Joyner v. State,* 208 Ga. 435 (4) (67 SE2d 221); *Beckman v. State,* 134 Ga. App. 118 (1) (213 SE2d 527). The evidence here does not *demand* a verdict of murder, and there is evidence of self-defense which would authorize an acquittal. The error is therefore reversible. *Joyner v. State,* supra; *Varnum v. State,* 125 Ga. App. 57, 62-3 (186 SE2d 485).

4. In view of the pre-trial publicity of this case, to which nearly all of the jurors asked admitted having been exposed, appellant contends it was error for the trial judge to refuse his request to voir dire each juror out of the presence of the others. A reading of the voir dire transcript shows that in each instance that a juror admitted exposure to press stories of the incident, those jurors stated that they had not formed an opinion as to the guilt or innocence of the appellant from what stories they had seen or heard. Appellant has demonstrated no prejudicial error here. See, *Butler v. State,* 231 Ga. 276 (2) (201 SE2d 448); *Morgan v. State,* 211 Ga. 172 (1) (84 SE2d 365). Furthermore, there is no absolute right under Code Ann. § 59-705 to have each juror examined outside the presence of the others, but such a request addresses itself to the discretion of the trial judge. *Whitlock v. State,* 230 Ga. 700 (5) (198 SE2d 865); *Merrill v. State,* 130 Ga. App. 745 (3) (204 SE2d 632); *Pass v. State,* 227 Ga. 730 (8) (182 SE2d 779); *Smith v. State,* 225 Ga. 328 (5) (168 SE2d 587). There was no manifest abuse of discretion in this case.

5. The trial court's instruction on voluntary intoxication was not error in that it was supported by the evidence. The appellant testified that he had consumed a small amount of liquor and beer, and the sheriff testified that appellant was staggering and smelled of alcohol.

6. The trial court's instruction on subsection (b) of Code Ann. § 26-902, dealing with circumstances under which self-defense is not justified, was authorized by evidence that appellant told investigators that he may have started shooting first.

7. The trial court did not err in refusing to charge the law of involuntary manslaughter as there was no evidence that appellant's shooting of the deputy was unintentional. See, .e.g., *Jackson v. State,* 234 Ga. 549.

8. Appellant's final enumeration of error is that the trial court erred in allowing a GBI agent to testify for the state when the agent had been permitted to remain in the courtroom and hear the testimony of nine state witnesses *after* the rule of sequestration (Code § 38-1703) had been invoked. At the time the rule was invoked the district attorney made no showing of the need for the witness' presence to assist in the prosecution of the case, but the

witness, nevertheless remained in the courtroom without objection from appellant, and assisted the district attorney. After the testimony of nine state witnesses, and in response to appellant's challenge of the testimony of that witness, the district attorney stated that it had been necessary for the witness to stay in the courtroom to assist him in the prosecution of the case. The record shows that the witness was the nominal prosecutor.

It is clear that the initial grant or denial of a district attorney's request to have a witness remain in the courtroom after the rule has been invoked, is a matter within the discretion of the trial court. *Jarrell v. State,* 234 Ga. 410 (6); *McNeal v. State,* 228 Ga. 633 (4) (187 SE2d 271); *Fountain v. State,* 228 Ga. 306 (3) (185 SE2d 62); *Kennemore v. State,* 222 Ga. 362 (3) (149 SE2d 791); *Spurlin v. State,* 222 Ga. 179 (149 SE2d 315). The question presented here is whether or not the judge may exercise discretion in this matter post facto. Did the failure of the district attorney to invoke the trial court's discretion at the outset of the trial violate appellant's right under the rule to have each witness for the state examined out of the hearing of each other? In *Massey v. State,* 220 Ga. 883 (5) (142 SE2d 832), the violation of such right, under similar circumstances presented here, was held to be grounds for new trial. However, in *Larkins v. State,* 230 Ga. 418 (1) (197 SE2d 367), the appellant was found to have, in effect, waived objection to the violation of the rule by his failure to object earlier to the witness remaining in the courtroom.

Under the rule of sequestration (Code § 38-1703) the burden is on the party who seeks to have a witness excepted from the rule to request a ruling from the trial judge to that effect. The appellant in this case could not have known whether the district attorney was going to call the GBI agent even though he was listed on the indictment. A person may assist in the prosecution of a case without being called as a witness. For this reason we do not believe the appellant waived his objection to the witness being in the courtroom by not objecting until the witness was called. The Georgia cases indicate that the proper procedure in situations where the rule has been invoked and the district attorney needs the assistance of a

witness during the prosecution of a case, is for him to specifically request that the trial judge make an exception to the rule at the commencement of the evidence. The trial judge should exercise his discretion so that "the fair rights of the opposite party are secured or the impairment of the efficiency of the court avoided . . ." *Poultryman, Inc. v. Anderson,* 200 Ga. 549, 562 (37 SE2d 785). See also, *Massey v. State,* 220 Ga. 883 (5), supra. If the request is granted, the district attorney should present the excepted witness first or explain to the satisfaction of the trial court why the witness cannot be called first. *Massey v. State,* 220 Ga. 883 (5), supra; *McGruder v. State,* 213 Ga. 259 (9) (98 SE2d 564); *Tift v. Jones,* 52 Ga. 538 (4); *Stuart v. State,* 123 Ga. App. 311, 312 (180 SE2d 581). The right of sequestration is absolute, subject only to the discretion of the trial judge in making exceptions thereto, and a failure of the district attorney in this case to invoke that discretion at the outset of the presentation of the evidence constitutes a ground for new trial. *Massey v. State,* 220 Ga. 883 (5), supra; *Bush v. State,* 129 Ga. App. 160 (1) (199 SE2d 121); *Stuart v. State,* 123 Ga. App. 311, 313, supra.

*Judgment reversed for reasons stated in Divisions 2, 3 and 8, and remanded for new trial. Bell, C. J., and Webb, J., concur.*

ARGUED APRIL 7, 1975 — DECIDED JULY 2, 1975.

*Ken Stula,* for appellant.
*Clete D. Johnson, District Attorney,* for appellee.