51424. BARRENTINE v. THE STATE.

Evans, Judge.

Defendant was convicted of burglary and sentenced to a term of 20 years, the first 6 years to be served in confinement, the remainder on probation. Defendant appeals. *Held:*

1. The cases on the criminal docket shall be called in the order in which they stand on the docket, unless the defendant be in jail, or otherwise in the sound discretion of the court. Code Ann. § 27-1301.

2. Rule 43 of the rules of the superior court is as follows: "All causes shall be called and tried in the order in

which they are docketed, without any preference or delay, unless it shall appear to the court that it shall be injurious to press a cause to trial when regularly called. A different order in calling the docket may be pursued by the court, in its discretion, for the purpose of giving facility and expedition to its proceedings, or for furthering the ends of justice. And the judge may, in his discretion, require the clerk to make a calendar of all cases pending in court."

3. A different order in calling the docket may be pursued by the court, and the court may in its discretion, have a calendar made and determine its court schedule in "organizing the courts." Code Ann. § 24-2908.3; *In re Pending Cases, Augusta Circuit,* 234 Ga. 264, 266 (215 SE2d 473).

4. Here the court stated that by the unwritten rule in that court, the district attorney had been making up a calendar of criminal cases for some 12 years based upon (1) jail population; (2) availability of witnesses; (3) public importance of the case involved; and (4) priority on the calendar. The court stated that he allowed the district attorney to do this by balancing the above four factors, and that he tried the cases in accordance therewith, and that he had "never undertaken to dictate arbitrarily or unqualifiedly that a given criminal case be tried on a given day." He further stated that the method of calling the calendar had been established from the suggestions of all concerned. (T. 9) Therefore, it does not appear that the court abused its discretion here although we do not hold he may surrender his discretion to the district attorney as to the order of trial of cases. The rules of calling cases are "directory and not mandatory." *Rosenbrook v. State,* 78 Ga. 111 (2).

5. The defendant was served with a list of new witnesses not used at the committal hearing (the day before trial), and defense counsel stated in his place that he had not had time to interview them and determine exactly what the evidence was. Defendant had made a demand for a list of the witnesses upon whose testimony the charge against him was founded. See Code Ann. §§ 2-105, 27-1403. The purpose of this law is to insure that defendant is not confronted at trial with witnesses against him whom he has not had an opportunity to

interview prior to trial. *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30).

6. Inasmuch as a new and additional list of witnesses was furnished to counsel the day before the trial, and defense counsel stated "in his place" that he had not had time to interview them and determine exactly what the evidence was against his client, the court erred in refusing to grant a continuance for the term or at least a delay of trial for some time later in the term. See in this connection, *Ivey v. State,* 107 Ga. App. 646, 647 (131 SE2d 114); *Yates v. State,* 17 Ga. App. 347 (86 SE 783).

*Judgment reversed. Deen, P. J., and Stolz, J., concur.*

ARGUED OCTOBER 29, 1975 — DECIDED NOVEMBER 7, 1975 — REHEARING DENIED DECEMBER 1, 1975.

*John W. Timmons, Jr.,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.