70200. D. JACK DAVIS CORPORATION v. E. I. DuPONT DE NEMOURS & COMPANY.
(330 SE2d 805)

DEEN, Presiding Judge.

Appellee brought suit against the D. Jack Davis Corporation on an open account for goods it shipped to the appellant. Following a jury trial, a judgment of $10,301.60 was entered in favor of appellee, and this appeal follows.

1. Appellant first contends that the trial court erred in permitting a witness who was not an officer of appellee to remain in the courtroom during the trial of the case. The transcript shows that prior to the hearing of evidence and at the time the sequestration rule was invoked, the appellee made a showing of need for the witness to assist counsel during the trial, and that counsel stated that the witness would only be used as a defense witness on the counterclaim. The initial grant or denial of counsel's request to have a witness remain in the courtroom after the rule has been invoked is within the trial court's discretion, and such witness should be presented for examination first unless the court is provided with a satisfactory explanation as to why the witness either cannot or should not be called first. *Parham v. State*, 135 Ga. App. 315, 319 (217 SE2d 493) (1975). As appellee made the required showing of need and gave a satisfactory explanation for not calling the witness first, the court's ruling was not an abuse of its discretion.

2. Appellant's counterclaim alleged that faulty goods provided by appellee caused physical problems for certain of its employees and resulted in the loss of their services and a loss of profits. At trial appellant failed to establish a prima facie case; appellant's president was asked if he had had any problems with any of his employees while processing the Kevlar yarn, and he stated that one "lady was constantly breaking out in a rash, so much so that she couldn't work on that particular product." No evidence was presented to show that the product caused her problem, the value of her lost services, or that the company had suffered any lost profits because of the allegedly defective product. The trial court was therefore justified in granting a directed verdict on the counterclaim.

3. Appellant contends that the company for which it was processing the Kevlar yarn guaranteed payment of its debt to appellee and that the guarantee prevented a direct judgment from being taken against it. The only evidence to substantiate the existence of

the guarantee was the testimony of appellant's president. Regardless of the validity of the guarantee, there is no law in Georgia that prohibits the creditor from seeking judgment against the primary debtor. If such a guarantor did exist, appellant was entitled to pursue judgment directly against it.

4. The trial court correctly ruled that appellant could not have rebuttal after appellee presented its defense to the counterclaim. This matter was within the court's discretion. *DuBois v. DuBois*, 240 Ga. 314 (240 SE2d 706) (1977). Where a plaintiff fails to make out a prima facie case, the court's refusal to permit him to call a witness for cross-examination in rebuttal of a contention of the defendant is not error. *Bartell v. Del Cook Lumber Co.*, 108 Ga. App. 592 (133 SE2d 903) (1963). As appellant failed to establish a prima facie case on its counterclaim, we find no abuse of discretion.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 17, 1985.

*Barry L. Fitzpatrick*, for appellant.
*Russell T. Quarterman*, for appellee.