## 72147. HARRIS v. THE STATE.
### (344 SE2d 528)

BIRDSONG, Presiding Judge.

The defendant, William E. Harris, appeals his conviction for the offenses of burglary and rape. *Held*:

1. Error is enumerated in the rulings of the trial court, refusing to strike for cause two jurors. Counsel argues that the potential jurors, Mary Pace and Katherine Sullivan, admitted their inability to be fair and impartial to the defendant and should have been stricken upon his motion.

Counsel asked of the panel whether any of them had been a victim of, or had relatives or close personal friends, who may have been victims of the crimes of burglary and rape. Mrs. Pace answered: "My sister's house was burglarized. . . . Four years ago, maybe longer. [COUNSEL]: Mrs. Sullivan? JUROR: My aunt's house was burglarized. [COUNSEL]: To both of you, do you feel that since this man is charged with a similar crime, whether you'd be able to sit and be fair and impartial jurors, or do you feel that your feelings from these crimes being committed to yourself or your relatives might overlap? Would either one of you have any trouble being fair and impartial jurors today? JUROR: You know, it has nothing to do with my sister's house being burglarized, but when you say rape, I immediately am defensive. That frightens me. I'm a mother and I have a daughter. [COUNSEL]: . . . Do you feel the fact that this man is charged with rape and you have these feelings regarding that crime, would you sit and be a fair and impartial juror and rule upon the evidence and the evidence alone . . . or do you feel that your feelings might overlap and you could not be fair and impartial today? JUROR: I would make an effort to be fair and impartial but my feelings are strong. . . . [COUNSEL]: . . . Do you feel that with regard to the way you feel about this crime that you could be a fair and impartial juror or do you feel that you could not sit with an unbiased mind today? JUROR: I'm really not sure that I could be totally unbiased."

The record also shows that an unnamed juror responded: "I'm a mother of two young daughters and I do not feel that I could be impartial." The judge then asked: "Now after hearing all the evidence in the case, and listening to the charge of the court, you are satisfied that the defendant is not guilty, will you have any hesitancy in finding him not guilty? JUROR: No, I wouldn't. . . . [COUNSEL]: . . . Would you be able to listen to all this evidence fairly and impartially, feeling the way you do. . . . JUROR: No, I wouldn't. . . . [COUNSEL]: . . . Would you be able to listen to all this evidence fairly and impartially, feeling the way you do. . . . JUROR: That's what I don't know. . . . I can't help my emotions sort of. . . ." The court refused defendant's challenges to these jurors.

Challenges are of two types, to the array and to the poll. Challenges to the poll, the individual juror, are either peremptory or for cause. Challenges for cause are made in one of two forms — for principal cause or for favor. Principal cause is disqualification based on the grounds enumerated in OCGA § 15-12-163, i.e., the juror is not a citizen, is under 18 years of age, is incompetent because of mental illness, retardation or intoxication, or is so near in kinship to the prosecutor or accused as to disqualify him. *Jordan v. State*, 247 Ga. 328, 338 (276 SE2d 224). Challenges for favor, in a criminal case, are based on admission by the juror that he is biased for or against one of the parties, in response to questions authorized by OCGA § 15-12-164, i.e., whether the juror has formed and expressed an opinion as to the guilt or innocence of the accused, has prejudice or bias for or against the accused, is perfectly impartial between the state and the accused, and in capital felony cases is not conscientiously opposed to capital punishment.

We are confronted here with challenges for favor. Whether to strike a juror for favor lies within the sound discretion of the trial court (*Patterson v. State*, 239 Ga. 409, 411 (238 SE2d 2); *Welch v. State*, 237 Ga. 665, 671 (229 SE2d 390)), and absent manifest abuse of that discretion, appellate courts will not reverse. *Depree v. State*, 246 Ga. 240, 243 (271 SE2d 155). These jurors were excused by defendant's peremptory challenges, but defendant exhausted his peremptory challenges before the final jurors were chosen. Hence, these issues are preserved for appeal. *Bradham v. State*, 243 Ga. 638, 639 (256 SE2d 331).

The record reflects that "the panel was qualified by the clerk." We will assume this means the clerk properly performed the duty of the court to ask on voir dire the subjects covered by OCGA §§ 15-12-163 and 15-12-164 (*Tucker v. State*, 249 Ga. 323, 326 (290 SE2d 97)), i.e., whether any of the jurors had formed and expressed any opinion as to the guilt or innocence of the accused, or had any prejudice or bias for or against the accused, and if the juror was perfectly impartial between the state and the accused. When the jurors are qualified by the court, under oath, with these statutory questions, they are deemed prima facie competent. *Newby v. State*, 161 Ga. App. 805, 810 (288 SE2d 889); *Butler v. State*, 231 Ga. 276, 278 (201 SE2d 448), U. S. cert. den., 420 U. S. 907. The fact that a potential juror may have some doubt as to his impartiality, or complete freedom from all bias, does not demand as a matter of law that the juror be excused for cause. See *Godfrey v. Francis*, 251 Ga. 652 (9) (308 SE2d 806); *Foster v. State*, 248 Ga. 409, 411 (283 SE2d 873); *Tennon v. State*, 235 Ga. 594, 596 (220 SE2d 914), U. S. cert. den. 426 U. S. 908; *Butler*, supra at 278-279; *Jamison v. State*, 164 Ga. App. 63 (2) (295 SE2d 203). We will not hold, as a matter of law, that a juror who has fear of, or some

trepidation to, or some particular abhorrence to, a *specific crime*, is per se disqualified for cause as a juror in a trial of that type criminal case. We conclude most law-abiding citizens find violent crime abhorrent. The fear and doubt expressed here goes to the *particular offense*, not the *particular offender*. Each case must rest upon its own merits. Here the trial judge found these jurors qualified, and we have found no abuse of discretion.

2. Defendant alleges the trial judge erred in questioning a juror by asking: "After you've heard all the evidence in this case if you are convinced that the defendant is guilty of rape, would you have any hesitancy in finding him guilty, or are you going to leave that up to God?" This quotation is taken out of context. Prior to the court's question, counsel had asked: "Is there anyone who belongs to a religious or fraternal organization or a social order that believes that no person should sit in judgment against another. . . ." One juror responded that she was a member of the Methodist Church, she believed in the principles of the Bible and "I don't think that I should judge anyone . . . as far as making a judgment per se, I don't know if I have the right to do that because I believe that only God has that right." This person was asked if she could listen to the evidence and the charge of the court and "rule upon that. . . ." She replied that "I could try . . . I could be openminded, yes." At that point she was asked the question by the court, stated above, and then asked: "if you also were not convinced beyond a reasonable doubt, would you be able to find a verdict of not guilty?" She responded that she could. We find no reversible error. Counsel raised no objection at trial, nor did he request that the juror be excused for cause. Allegations of error in the juror selection process, not objected to at trial, will not be addressed by an appellate court. *Hudson v. State*, 250 Ga. 479, 484 (299 SE2d 531).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED APRIL 11, 1986.

G. *Terry Jackson*, for appellant.
*Spencer Lawton, Jr., District Attorney, Virginia A. Erskine, Assistant District Attorney*, for appellee.