## 76408. THE STATE v. JESSUP.
(370 SE2d 489)

BANKE, Presiding Judge.

The trial court dismissed an accusation charging the appellee-defendant with driving under the influence, based on the solicitor's conduct in passing over the case on the trial calendar to "go forward with 'cases which are older.'" The state appeals. *Held*:

OCGA § 17-8-1 provides: "The cases on the criminal docket shall be called in the order in which they stand on the docket unless the defendant is in jail or, otherwise, in the sound discretion of the court." Thus, the order in which the cases on the criminal docket are tried is ultimately the responsibility of the trial judge.

In the present case, the state concedes, in a supplemental brief, that on the occasion in question "the responsibility for determining the order in which cases were tried was left by the trial court to the sound judgment of the solicitor with the trial court taking no active

role in determining the order in which particular cases were to be tried." However, it clearly does not follow from the fact that the trial judge took no active role in determining the order in which the cases were called for trial that he did not consent to the order chosen by the solicitor. Moreover, the record before us contains no showing that the failure to try the defendant's case in the order in which it appeared on the calendar resulted in any injury to him. See generally *Rosenbrook v. State,* 78 Ga. 111 (1896). Although defense counsel submitted his own affidavit stating that because of the solicitor's failure to try the case he had lost contact with "an eye witness who possessed testimony exculpatory to defendant," the content of this witness's expected testimony was never revealed. Under such circumstances, the assertion that the witness was prepared to offer testimony exculpatory to the defendant cannot be considered a sufficient showing of harm upon which to base a dismissal of the accusation. Cf. *Mell v. State,* 69 Ga. App. 302 (2) (25 SE2d 142) (1943); *Gibson v. State,* 158 Ga. App. 501 (2) (280 SE2d 900) (1981). The order dismissing the accusation is consequently reversed.

*Judgment reversed. Birdsong, C. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED MAY 11, 1988 —
REHEARING DENIED JUNE 7, 1988 —

*Ralph T. Bowden, Jr., Solicitor, Richard R. Read, Assistant Solicitor,* for appellant.
*Kenneth W. Revell, Harger W. Hoyt,* for appellee.