**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**August 10, 2016**

# In the Court of Appeals of Georgia

A16A1048. JONES v. THE STATE.

MERCIER, Judge.

A jury found Christopher Jones guilty of distribution of cocaine (two counts). He appeals the conviction and the denial of his motion for new trial, contending in his sole enumeration of error that the trial court abused its discretion by failing to strike a potential juror for cause. Finding no error, we affirm.

> Under Georgia law, there is a presumption that potential jurors are impartial, and the burden of proving partiality lies with the party seeking to have the juror disqualified. Furthermore, whether to strike a juror for cause lies within the sound discretion of the trial court, and a trial court is not obligated to strike a juror for cause in every instance in which the potential juror expresses doubts about his or her impartiality or reservations about his or her ability to set aside personal experiences. Indeed, the trial judge is uniquely positioned to observe a potential juror's demeanor and thereby to evaluate his or her capacity to render an

impartial verdict. But the trial court must excuse a potential juror for cause based on the juror's partiality, if an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence.

*Wheeler v. State*, 327 Ga. App. 313, 314-315 (1) (758 SE2d 840) (2014) (punctuation and footnotes omitted); see *Simon v. State*, 320 Ga. App. 15, 22 (3) (739 SE2d 34) (2013).

OCGA § 15-12-164 (a) sets out the test for disqualification for cause in felony cases. If a juror answers any of the questions so as to render [him] incompetent or if [he] is found to be incompetent by the judge, [he] shall be set aside for cause. The court shall also excuse for cause any juror who from the totality of [his] answers on voir dire is determined by the court to be substantially impaired in [his] ability to be fair and impartial. . . .The law presumes that potential jurors are impartial, and the burden of proving partiality is on the party seeking to have the juror disqualified.

*Simon*, supra (footnotes omitted).

During voir dire in this case, defense counsel posed the following to the prospective jurors: "This is a case about drugs. Has . . . anyone here themselves or a close friend or relative been negatively impacted by drugs in general?" One of the

2

jurors raised his hand. Defense counsel asked the juror to explain his response, whereupon the following colloquy transpired:

[JUROR]: Well, my brother got hooked on crack cocaine and it's definitely changed the whole dynamics of my family and we've been struggling with that dynamic for a long time. . . .And so, you know, I'd like to think that I would be fair and impartial but, you know, there's probably some bias there.

[DEFENSE COUNSEL]: So, you would have some bias if you sat in this case?

A JUROR: Well, I would like to think I wouldn't.

[DEFENSE COUNSEL]: Is it possible that you could?

[JUROR]: It's possible.

[DEFENSE COUNSEL]: Okay.

[PROSECUTOR]: My question of you would be . . . [c]an you just set everything else aside . . . and just listen to the testimony of th[e] witnesses and judge their credibility - - And then the Judge is going to tell you what the law in this case is and say what it takes for us to prove these different charges. Can you just clear your mind or set all that aside and listen just to the evidence, and listen to what the judge tells you, and be fair and impartial to both sides, regardless of your brother's situation?

[JUROR]: I believe I could.

[PROSECUTOR]: You believe you could. Okay.

[DEFENSE COUNSEL]: I have a follow-up to that. . . .[Y]ou indicated earlier that you would have a bias given the nature of the charge and it being cocaine; is that correct?

[JUROR]: I'm saying that there's a possibility. I'm not saying that there would be. I'm just saying that the whole psychology of the thing and just, you know, because like I said, that changed the whole dynamics of my family. And I -- I would like to think that I'm the type of man that could listen to everything that's before me, and make a fair and impartial decision.

[DEFENSE COUNSEL]: But given that this has been a long, dynamic change for your family, do you think it's possible that there could be a bias in this case since it does relate to the actual drug of cocaine? And there is no wrong or right answer.

[JUROR]: Like I said, it's a possibility. But I'm not – I think being the person that I am and that I put God before everything, so I believe that I could make that fair and impartial judgment. But I just wanted to bring it up and let you know that the whole psychology of the thing is that, you know, when you've got that going on within your family dynamic, you know, there's the possibility that, you know, that could enter.

[DEFENSE COUNSEL]: Right, things trigger.

4

[JUROR]: Yeah.

[DEFENSE COUNSEL]: Okay. So, at this point, it could be a possibility, but you're not quite sure.

[JUROR]: Yes.

Defense counsel moved to strike the juror for cause, citing the juror's remark that his brother's use of cocaine had changed the family dynamics, and asserting that the juror "would never commit . . . one way or the other" when asked about his bias. The trial court noted that the juror had not indicated that he could not be fair and impartial, and denied the motion.

On appeal, Jones contends that the trial court erred by not excusing the juror for cause based on the juror's statement that "there's probably some bias," and his remark that he would put "God before everything[,] instead of the law of the State of Georgia and the instructions" from the trial court. There was no abuse of discretion.

> The fact that a potential juror may have some doubt as to his impartiality, or complete freedom from all bias, does not demand as a matter of law that the juror be excused for cause. We will not hold, as a matter of law, that a juror who has fear of, or some trepidation to, or some particular abhorrence to, a *specific crime*, is per se disqualified for cause as a juror in a trial of that type criminal case.

5

*Harris v. State*, 178 Ga. App. 735, 736-737 (1) (344 SE2d 528) (1986). In this case, the juror expressed "possibl[e]" bias given the nature of the charges. Thus, the fear and doubt he expressed went to the particular offense, not the particular offender. See *Harris*, supra; see also *Ellis v. State*, 292 Ga. 276, 284 (4) (b) (736 SE2d 412) (2013).

Moreover, when questioned further, the juror stated that he believed he could base his decision on the evidence and the judge's instructions, and believed that he could be fair and impartial.

> [A] prospective juror's doubt as to his or her own impartiality does not demand as a matter of law that he or she be excused for cause. For instance, when a potential juror testifies that he or she will "try" to decide the case based upon the court's instructions and the evidence, excusing that prospective juror for cause is not mandated.

*Ellis v. State*, 292 Ga. 276, 284 (4) (b) (736 SE2d 412) (2013) (citations and punctuation omitted); see *Greenway v. State*, 207 Ga. App. 511, 513 (3) (428 SE2d 415) (1993). It is "not an abuse of discretion to seat a juror who questions [his] ability to set aside biases so long as the juror indicates [he] has no unalterable fixed prejudices." *Wheeler v. State*, 327 Ga. App. 313, 316 (1) (758 SE2d 840) (2014). There was no showing that the juror in this case held an opinion of Jones's guilt or innocence so fixed and definite that he would be unable to set the opinion aside and

6

decide the case based on the evidence and the court's charge upon the evidence. See generally *Wheeler*, supra.

Finally, the juror's remark that "I put God before everything" cannot reasonably be interpreted as showing a disregard for Georgia law. Rather, when considered in the context in which it was made, and given the presumption that potential jurors are impartial (see *Simon*, supra; *Wheeler*, supra), the remark is more reasonably construed as the juror's attempt to explain his willingness to set aside his possible bias (related to the impact of his brother's drug use on his family) so that he "could make [a] fair and impartial judgment" in this case.

Accordingly, the trial court did not abuse its discretion in denying Jones's challenge for cause as to this prospective juror. See *Wheeler*, supra at 316-317 (1).

*Judgment affirmed. Ellington, P. J., and Branch, J., concur.*